## WELLS *v.* PRIDGEN, warden.

1. Habeas corpus is never a substitute for a writ of error, or other remedial procedure to correct errors in the trial of a criminal case.
2. This writ is the appropriate remedy only when the court was without jurisdiction in the premises, or where it exceeded its jurisdiction in passing the sentence by virtue of which the party is imprisoned, so that such sentence is not merely erroneous, but is absolutely void.
3. The return of a verdict of guilty by the jury against the accused, without the introduction of any evidence, and without any instructions by the court, does not render the sentence of the court void; but the return of such verdict under such circumstances, if without the consent of the accused, was error which should have been corrected by a motion for new trial or writ of error.
4. The judge below did not err in sustaining the demurrer to the petition for habeas corpus, and in quashing the writ.

No. 3075. October 11, 1922.

Habeas corpus. Before Judge Henson. City court of Douglas, January 23, 1922.

*Casey Thigpen* and *R. A. Moore,* for plaintiff.

*A. B. Spence, solicitor-general,* for defendant.

HINES, J. This was a proceeding by Frances Wells, the wife of Sweet Wells, against J. D. Pridgen, the warden of the chain-

gang of Coffee County, for the writ of habeas corpus, to secure the discharge of Sweet Wells from the custody and restraint of said warden, on the ground that Wells was illegally restrained of his liberty; and for his restoration to his liberty. The petition for the writ of habeas corpus set up these facts: On or about March 15, 1919, Sweet Wells was arrested by the sheriff of Coffee County, and incarcerated in the jail of that county, without bail, under a charge of murder, and was held in said jail by said sheriff until after November 5, 1919. At the October term, 1919, of Coffee superior court he was indicted by the grand jury for the murder of Will Lambert in said county on said date. The indictment was in all respects regular and valid. The trial court appointed counsel to represent the accused, who, on November 5, 1919, was arraigned in the superior court, and pleaded not guilty, his plea being signed by the attorneys at law appointed to represent him. After the accused had so pleaded, the judge of the superior court of said county had a duly qualified jury selected, impaneled, and sworn to try the issue thus formed; whereupon Wells was placed in jeopardy under said indictment. The jury so impaneled and sworn to try said case, without any evidence whatever being introduced upon the trial to prove the charge set out in the indictment, without the defendant withdrawing his plea of not guilty, and without the presiding judge having given the jury any instructions to govern them in reaching a verdict, returned into court, and the judge had published their verdict finding the defendant guilty and recommending him to the mercy of the court. Upon said verdict the court sentenced the defendant to imprisonment in the penitentiary at hard labor for life. Under said sentence the defendant, without his consent, was delivered to the warden of the chain-gang, who placed him in stripes and at hard labor on the chain-gang of said county, and who has illegally restrained him of his liberty from November 11, 1919, until the present time.

By reason of the foregoing facts petitioner alleges that the verdict of the jury and the sentence of the court are totally void, and that his imprisonment in the penitentiary under said void verdict and sentence deprives him of his constitutional right of liberty under art. 1, sec. 1, par. 1, of the constitution of this State, viz.: " No person shall be deprived of life, liberty, or property, except by due process of law." Petitioner avers that this petition for

habeas corpus is not made a substitute for a bill of exceptions, or other remedial procedure, by which error and irregularities of law could be corrected, but that said pretended trial was totally void; he prays that he be released from the custody and restraint of said warden and restored to his liberty.

The warden demurred to the petition, and moved to quash the writ issued thereon, on the ground that no cause of action is set forth whereby the writ of habeas corpus can be sustained, because the plaintiff sets forth in her petition that the defendant was legally indicted, that a legal and valid verdict was rendered and published in court, and that a legal and valid sentence was imposed upon him, under which he is legally and lawfully detained by the warden. The trial judge sustained the demurrer, dismissed the petition, and quashed the writ. Error is assigned on this judgment.

The judgment of the trial court is right. Habeas corpus is never a substitute for appeal, a motion for new trial, writ of error, or other remedial procedure. *McFarland* v. *Donaldson,* 115 *Ga.* 567 (41 S. E. 1000); *Smith* v. *Milton,* 149 *Ga.* 28 (98 S. E. 607); *Davis* v. *Smith,* 7 *Ga. App.* 192 (66 S. E. 401); *Cross* v. *Foote,* 17 *Ga. App.* 802 (88 S. E. 594); Andersen *v.* Treat, 172 U. S. 24 (19 Sup. Ct. 67, 43 L. ed. 351); In re Swan, 150 U. S. 637 (14 Sup. Ct. 225, 37 L. ed. 1207). This writ is the appropriate remedy only when the court was without jurisdiction in the premises, or where it exceeded its jurisdiction in making the order, rendering the judgment, or passing the sentence by virtue of which the party is imprisoned, so that such order, judgment, or sentence is not merely erroneous, but is absolutely void. *McFarland* v. *Donaldson,* supra; 15 Am. & Eng. Enc. Law (2d ed.), 172. When the court has jurisdiction by law of the offense and the offender, its judgments are, in general, not nullities; and when an exception to this rule is relied upon, it should be made clearly to exist. Ex parte Bigelow, 113 U. S. 328 (5 Sup. Ct. 542, 28 L. ed. 1005); In re Eckart, 166 U. S. 481, 484 (17 Sup. Ct. 638, 41 L. ed. 1085).

The sentence of a court in a criminal case is evidence of its own legality. Ex parte Watkins, 3 Pet. 193. Generally a conviction and sentence by a court of competent jurisdiction is lawful cause of imprisonment, and no relief can be given by habeas corpus,

unless the proceedings are entirely void, either for want of jurisdiction or other cause. Ex parte Parks, 93 U. S. 18 (23 L. ed. 787). Ex parte Siebold, 100 U. S. 371 (25 L. ed. 717).

The general rule is that the judgment of a court having jurisdiction of the offense and the party charged with its commission is not open to collateral attack. Andersen *v.* Treat, 172 U. S. 24 (supra).

The remedy by habeas corpus should be confined to cases in which the judgment or sentence attacked is clearly void by reason of its rendition by a court without jurisdiction in the premises, or by reason of the court's having exceeded its jurisdiction in the premises; and the better practice, in the absence of special facts and circumstances, is to require the prisoner to seek a review by writ of error instead of resorting to the writ of habeas corpus. In re Frederick, 149 U. S. 70 (13 Sup. Ct. 793, 37 L. ed. 653). The denial of due process of law, although erroneous, must be such as to deprive the court of jurisdiction. In re Wood, 140 U. S. 278 (11 Sup. Ct. 738, 35 L. ed. 505).

It may be said that a judgment denying to a prisoner a constitutional right is void, and he may be discharged on habeas corpus. Ex parte Nielsen, 131 U. S. 176 (9 Sup. Ct. 672, 33 L. ed. 118). The reply is that the sentence in this case did not deny the accused any constitutional right. The sentence logically, legally, and constitutionally followed the verdict of guilty. The real complaint is that the verdict was not based on evidence; but that does not render the sentence void. The accused had his day in court. If the verdict was returned without the aid of instructions from the court to guide the jury, or if the verdict was based on no evidence whatever, these were grievous errors, if committed without the consent of or over the protest of the accused; but a verdict without any evidence does not render a sentence void, so that the accused will be released on habeas corpus. *Davis* v. *Smith,* 7 *Ga. App.* 192 (supra).

A sentence in a criminal case cannot be collaterally attacked for defects not appearing in the record. This rule should be rigidly enforced where it is not even alleged in the petition for habeas corpus that the acts complained of were without the consent and against the protest of the accused. If we could look behind the scenes, it would probably appear that the verdict in this case

was rendered with the consent of the accused, in which event it could not be attacked even in a direct proceeding, much less collaterally by a writ of habeas corpus.

*Judgment affirmed. All the Justices concur.*