FLEMING *v.* LOWRY, sheriff.

No. 8533. DECEMBER 17, 1931.

*F. Joe Turner Jr.,* for plaintiff.

*John S. McClelland,* solicitor, *John A. Boykin,* solicitor-general, *J. W. LeCraw,* and *I. Leonard Crawford,* contra.

ATKINSON, J. Burt Fleming was tried and convicted, in the criminal court of Atlanta, of the offense of attempted burglary. His writ of error to the Court of Appeals, from the ruling of the superior court refusing to sanction a writ of certiorari, was dismissed. *Fleming* v. *State,* 43 *Ga. App.* 175 (158 S. E. 342). Whereupon he petitioned for habeas corpus against J. I. Lowry, sheriff, alleging that the pretext under which petitioner was restrained was a sentence of the criminal court of Atlanta, based upon a verdict, both predicated upon an accusation the substance of which, with the grounds of objection and attack against it, are hereinafter stated. The exception is to an order of the trial judge denying habeas corpus and remanding plaintiff to the custody of the sheriff.

█ Habeas corpus is never a substitute for a writ of error, or

other remedial procedure to correct errors in the trial of a criminal case. This writ is the appropriate remedy only when the court was without jurisdiction in the premises, or where it exceeded its jurisdiction in passing the sentence by virtue of which the party is imprisoned, so that such sentence is not merely erroneous, but is absolutely void. *Wells* v. *Pridgen,* 154 *Ga.* 397 (114 S. E. 355).

■ Section 1 of the act establishing the city court of Atlanta (Acts 1871-72, p. 57) confers upon that court "criminal jurisdiction of all minor offenses committed within the jurisdictional limits of the City of Atlanta, and which·do not subject the offenders to confinement in the penitentiary or to death." Section 1 of the amendatory act of 1875 (Acts 1875, p. 40) extended said jurisdiction so as to "embrace the whole of the territory of the County of Fulton." Section 15 of the act of 1891 (Acts 1890-91, p. 935) provides: "That the jurisdiction given the city court of Atlanta by the act of December 15, 1871, and act amendatory thereof, to try all offenses less than felony, be and the same is hereby withdrawn, ·and said jurisdiction is conferred on the criminal court· of ·Atlanta, and all rules regulating procedure in criminal cases in said city court of Atlanta, not in conflict with the provisions of this act, are hereby withdrawn from said city court of Atlanta;, and made applicable to the criminal court of Atlanta." *Held,* that the criminal court of Atlanta has criminal jurisdiction of all misdemeanors committed in the County of Fulton.

■ Section 11 of the act of 1891, supra, establishing the criminal court of Atlanta, provides: "That criminal prosecutions in said court may be instituted by written information or accusation, plainly and distinctly setting forth the offense charged, containing the name of the prosecutor and signed by the solicitor-general, and founded on affidavit. . . The proceedings after information or accusation shall conform to the rules governing like proceedings in the superior courts, except that the jury in said court shall consist·of five, to be stricken alternately by the defendant and State from a ·panel of twelve." It is declared in the Penal Code, § 146: "Burglary is the breaking and entering into the dwelling, mansion, or storehouse, or other place of business of another, where valuable goods, wares, produce, or any other article of value are contained or stored, with intent to commit a felony or larceny." Under § 147, the punishment for the crime of burglary

is "imprisonment in the penitentiary for not less than one year nor longer than twenty years." By § 1066 it is declared: "If any person shall attempt to commit a crime, and in such attempt shall do any act toward the commission of such crime, but shall fail in the perpetration thereof, . . he shall, in cases where no provision is otherwise made in this Code, or by law, for the punishment of such attempt, be punished" by imprisonment in the penitentiary, except that an "attempt to commit a crime punishable by imprisonment and labor in the penitentiary for not less than one year shall be punished as a misdemeanor." Construing § 1066 in its entirety, the words "not less than one year" as therein employed, refer to crimes the minimum punishment for which is labor in the penitentiary for one year. Accordingly the offense of an attempt to commit a burglary, as provided in the Penal Code §§ 146, 147, is a misdemeanor and is within the jurisdiction of the criminal court of Atlanta.

■ In the instant case the accusation charged that the defendant "did attempt to commit an act of burglary, an offense against the State of Georgia, in that on the above date the defendant herein attempted to break and enter the place of business known as 'Hemlock 3500 Tire Company,' a place where valuable goods and merchandise were stored, and the defendant did attempt to break and enter said place of business, aforesaid, by breaking the lock off of the front door of said place of business, with intent then and there to steal the valuable goods and merchandise stored therein, and to commit an act of burglary, contrary to the laws of said State." The objections to the accusation relate to questions that could have been raised on the trial of the defendant, but are not jurisdictional. Consequently the jurisdiction of the court was not lacking, and the verdict and subsequent proceedings were not void on account of the defects in the accusation, alleged to be as follows: (a) It fails to allege the name of the owner of the place of business; (b) while alleging that the defendant did attempt to break and enter the place of business "known as Hemlock 3500 Tire Company," it does not allege that the place of business was the business of the Hemlock 3500 Tire Company, nor that it was in the possession of the Hemlock 3500 Tire Company; (c) it fails to allege there is any concern by the name of the Hemlock 3500 Tire Company, or that any such company ever owned, controlled, or

possessed any premises; (d) it fails to allege that the valuable goods belonged to or were in the possession or control of a company known as Hemlock 3500 Tire Company, or that the goods were in the possession or control of such company, or were owned by such concern, or were owned or possessed by any company or individual; (e) it fails to allege that the name of the owner or possessor of the premises and the goods was unknown to the party making said affidavit upon which the accusation was based; (f) it fails to allege that the premises were ever occupied by the Hemlock 3500 Tire Company, or that there was ever such a company; (g) it fails to allege that a company "known as Hemlock 3500 Tire Company" ever had any existence, or that it occupied any premises, or owned or possessed any goods. The court did not err in remanding the prisoner to the custody of the officer.

*Judgment affirmed. All the Justices concur.*