STEWART *v.* SANDERS, sheriff.

ATKINSON, Justice. 1. Where a habeas-corpus proceeding is brought by a person under sentence, it is the appropriate remedy only when the court is without jurisdiction in making the order, rendering the judgment, or passing sentence by virtue of which the party is imprisoned, so that such order, judgment, or sentence is not merely erroneous, but is absolutely void. *Kinman* v. *Clark,* 185 *Ga.* 328 (195 S. E. 166), and cit.

2. Where a party is convicted of a felony, and sentenced to the penitentiary for a period of 4 to 7 years, such sentence is not void merely because it provides, "or at such other places as the *State Department of Corrections* . . may direct." (Italics ours.) While the act of 1943 (Ga. L. Ex. Sess. 1943, p. 2, Ga. Code Ann., § 77-359), provides that the *Director of Corrections* shall have authority formerly vested in the State Board of Prisons, yet the same section states that the *Department of Corrections* shall be under the exclusive control of the *Director of Corrections.* Though the sentence may not be technically in the proper form, it is not such an irregularity as is hurtful to any right of liberty, nor is it such a defect as makes the sentence void. *Lark* v. *State,* 55 *Ga.* 435 (2).

3. Accordingly, the trial court did not err in dismissing the petition for the writ of habeas corpus.

*Judgment affirmed. Bell, C. J., Jenkins, P. J., Duckworth and Wyatt, JJ., concur.*

No. 15221. JULY 3, 1945.

*A. L. Henson,* for plaintiff.
*H. G. Vandiviere, solicitor-general,* for defendant.