BARNES *v.* ADERHOLD, Warden.

No. 15616. NOVEMBER 13, 1946.

*T. Ross Sharpe,* for plaintiff.

*Eugene Cook, Attorney-General, Harvey L. Jay, Solicitor-General, J. C. McDonald,* and *Daniel Duke, Assistant Attorney-General,* for defendant.

ATKINSON, Justice. (After stating the foregoing facts.) The attorney for the plaintiff in error very frankly admits in his brief: "I predicated the petition on grace and mercy, rather than on law. . . I am at a loss to know or to suggest any legal basis upon which this case might be reversed unless . . mercy may be extended to this unfortunate man." This is a court alone for trial and correction of errors of law. Constitution of 1945, article 6, section 2, paragraph 4 (Code, Ann. Supp., § 2-3704). While the brief filed by the attorney for the plaintiff in error glistens with philosophy, the record discloses no error of law. "Where a habeas corpus proceeding is brought by a person under sentence, it is the appropriate remedy only when the court is without jurisdiction in making the order, rendering the judgment, or passing sentence by virtue of which the party is imprisoned, so that such order, judgment, or sentence is not merely erroneous, but is absolutely void." *Stewart* v. *Sanders,* 199 *Ga.* 497 (1) (34 S. E. 2d, 649).

*Judgment affirmed. All the Justices concur.*