HENSON *v*. SCOGGINS, Sheriff.

JENKINS, Chief Justice. Lee Thomas Henson was indicted for the offense of involuntary manslaughter in the commission of an unlawful act. The jury returned a verdict of "guilty of involuntary manslaughter in the commission of a lawful act or acts." No exceptions were taken to the verdict and sentence. The movant in his habeas corpus proceeding contends that this verdict and consequently the sentence based thereon are wholly void, in that the verdict omitted the words, "without due caution and circumspection." Upon the trial of the habeas corpus proceeding the movant was remanded to custody, to which order exception is taken. *Held:*

1. "It is not the function of the writ of habeas corpus, however, to determine the guilt or innocence of one accused of crime. Its only purpose is to ascertain the legality of the detention." *Stephens* v. *Henderson*, 120 *Ga.* 218, 220 (47 S. E. 498). Thus, "The writ of habeas corpus can not be substituted for a motion for new trial, writ of error, or other remedial procedure, or be used as a remedy for the review of alleged errors in the trial court." *Blackstone* v. *Nelson*, 151 *Ga.* 706 (108 S. E. 114). The writ "is the appropriate remedy only when the court was without jurisdiction in the premises, or where it exceeded its jurisdiction in passing

the sentence by virtue of which the party is imprisoned, so that such sentence is not merely erroneous, but is absolutely void." *Fleming* v. *Lowry,* 173 *Ga.* 894 (162 S. E. 144); *Wells* v. *Pridgen,* 154 *Ga.* 397 (114 S. E. 355); *Stewart* v. *Sanders,* 199 *Ga.* 497 (34 S. E. 2d, 649).

2. While a judgment or sentence such as here involved must be supported by a verdict, "Verdicts are to have a reasonable intendment, and are to receive a reasonable construction, and are not to be avoided unless from necessity." Code, § 27-2301. Accordingly, a verdict may be construed "in the light of the issues actually submitted to the jury under the charge of the court; and if, when so construed, it expresses with reasonable certainty a finding supported by the evidence, it is to be upheld as legal." *Barbour* v. *State,* 8 *Ga. App.* 27, 28 (68 S. E. 458). In *Arnold* v. *State,* 51 *Ga.* 146, the court used this language: "Here the charge was assault with intent to murder A B, at a certain time and place, illegally and feloniously, by shooting at him with a loaded pistol with intent to murder. In this is involved, as a legal necessity, that he did shoot at A B not in his own defense and without justification. The jury negative the malice, the intent to murder and simply find the shooting. But what shooting? The shooting charged, but without the intent to murder. The verdict to be perfectly formal might go further and say shooting at A B not in his own defense and without justification. But we see no imperative requirement for this additional detail. All this is charged in the indictment, and the verdict of the jury may just as properly be aided by the indictment as to these things, as it may by the name of the party shot at, and the time and place of the occurrence."

3. It is the duty of a movant to make out his case, and, in the absence of the charge of the court in the former trial where the defendant was convicted being shown in the present record, it will be presumed that the judge in the trial of that case not only instructed the jury as to the law of involuntary manslaughter in the commission of an unlawful act, but gave the defendant the benefit of the lesser grade of involuntary manslaughter by instructing the jury on the law of involuntary manslaughter in the commission of a lawful act, and that he defined the meaning of such lesser offense. Here the jury did not convict the accused of involuntarily taking a human life in the commission of a lawful act, but convicted him of involuntary *manslaughter* in the commission of a lawful act.

4. Pretermitting any reference to legal *presumptions,* the generic word "homicide" does not in itself import guilt, since it might be justifiable. The word *"manslaughter"* on the contrary, as defined by the Code, does import guilt. In all cases *manslaughter* is unlawful. It may be voluntary, "upon a sudden heat of passion," and "without malice or any mixture of deliberation whatever" or involuntary "in the commission of an unlawful act" or in the commission of a "lawful act without due caution and circumspection." Code, § 26-1006. It thus appears that, except in some instances of involuntary manslaughter in the commission of an unlawful act as provided by Code § 26-1009, the absence of an intent to kill will reduce an unlawful homicide to the grade of involuntary manslaughter. If the killing be involuntary and done in the commission of a lawful act "without due caution and circumspection" (Code,

§ 26-1006), or as § 26-1010 expresses it, "where there has not been observed necessary discretion and caution," and where, as provided by § 26-1009, the act as done "probably might produce such a consequence," a conviction of involuntary manslaughter in the commission of a lawful act is authorized.

5. Giving the verdict a reasonable intendment, and assuming that the judge charged the jury both on the law of involuntary manslaughter in the commission of an unlawful act, and on involuntary manslaughter in the commission of a lawful act, and defined what these terms meant, it must necessarily be assumed from the verdict rendered that the jury intended to absolve the defendant from the guilt of being engaged in an unlawful act at the time the homicide was committed, and limited their verdict to the lesser grade of unlawful homicide, to wit, involuntary manslaughter in the commission of a lawful act, but which as performed "probably might produce such a consequence" in that his actions were performed without "due caution and circumspection," or with the necessary "discretion and caution." Involuntary manslaughter being defined in the Code as a crime, there would seem to be no more reason or necessity for a jury to set forth in their verdict the specific elements going to make up such an offense as is here complained of than it would be to include all other elements entering into such an offense, such as that the act as done might probably produce such a result. All of these elements were presumably given in charge, and upon the jury finding a verdict of guilty as to the lesser grade of offense as defined by the court, it was enough for the jury to specify the particular grade of offense of which the defendant was found to be guilty, and it was not required that they repeat in their verdict the instructions of the court as to the necessary ingredients going to make up such a specific offense.

(a) If the ruling by this court in *Overby* v. *State*, 115 *Ga.* 240 (41 S. E. 609), which was not by a unanimous bench, be, as in principle it would seem to be, in conflict with the ruling here made, it can not be followed. There the court, in a case involving a motion to arrest the judgment where the verdict was similar to the one here attacked, held that involuntary manslaughter in the commission of a lawful act is not an offense in this State unless it be done without due caution and circumspection. As we view the question involved in the instant case, it would not be involuntary *manslaughter* at all unless the act was committed without due caution and circumspection, and, as we see it, it is useless for the jury to restate in their verdict any or all of the elements making up this offense, which were presumably given them in charge and defined by the court.

*Judgment affirmed. All the Justices concur, except Head, J., who dissents.*

No. 16166. APRIL 14, 1948.

*Dorsey & Hames,* for plaintiff.

*H. G. Vandiviere, Solicitor-General,* for defendant.