## McKAY v. BALKCOM, warden, et al.

DUCKWORTH, Presiding Justice. 1. "A writ of habeas corpus can not be used as a substitute for appeal, writ of error, or other remedial procedure for the correction of errors or irregularities alleged to have been committed by a trial court." *Shiflett* v. *Dobson*, 180 *Ga.* 23 (1) (177 S. E. 681). See also *White* v. *Hornsby*, 191 *Ga.* 462, 463 (12 S. E. 2d, 875); *Wilcoxon* v. *Aldredge*, 192 *Ga.* 634, 636 (15 S. E. 2d, 873, 146 A. L. R. 365); *Andrews* v. *Aderhold*, 201 *Ga.* 132, 135 (39 S. E. 2d, 61); *Morris* v. *Peacock*, 202 *Ga.* 524 (43 S. E. 2d, 531).

2. The writ is appropriate only when the trial court was without jurisdiction in the premises, or exceeded its jurisdiction in passing the sentence by virtue of which the accused is imprisoned, so that the sentence is not merely erroneous but is absolutely void. *Wells* v. *Pridgen*, 154 *Ga.* 397 (114 S. E. 355); *Fleming* v. *Lowry*, 173 *Ga.* 894 (162 S. E. 144); *Stewart* v. *Sanders*, 199 *Ga.* 497 (1) (34 S. E. 2d, 649); *Henson* v. *Scoggins*, 203 *Ga.* 540 (47 S. E. 2d, 643).

3. It appears from the petition in the present habeas corpus action that the petitioner seeks release from an alleged illegal detention by the warden of the State prison, under a conviction in the Superior Court of Fulton County of murder and a sentence of death, the grounds of complaint being that he was arrested without a warrant and was kept in jail incommunicado for about 24 hours, and that within a week an alleged confession, upon which his conviction was based, was obtained from him by coercion, intimidation, and threats. It was alleged that such acts were in violation of the provision of the 14th amendment to the Federal Constitution, that no State "shall . . deny to any person within its jurisdiction that equal protection of the laws," and article 1, section 1, paragraph 6 of the Constitution of this State (Code, Ann. Supp., § 2-106), which provides that "No person shall be compelled to give testimony tending in any manner to criminate himself." It not being shown, however, that the trial court was without jurisdiction in the premises or exceeded its jurisdiction in the sentence imposed, the court did not err, under the above-cited authorities, in sustaining the general demurrer and in quashing the writ of habeas corpus.

*Judgment affirmed. All the Justices concur.*

No. 16200. MAY 13, 1948. REHEARING DENIED JUNE 18, 1948.

*C. Don Miller* and *C. G. Battle*, for plaintiff.

*Paul Webb*, Solicitor-General, *William Hall*, and *R. N. Odum*, for defendant.