SOLESBEE *v.* BALKCOM, Warden.

HAWKINS, Justice. This is the third appearance of different phases of this case in this court. See *Solesbee* v. *State,* 204 *Ga.* 16 (48 S. E. 2d, 834); *Solesbee* v. *Balkcom,* 205 *Ga.* 122 (52 S. E. 2d, 433), 339 U. S. 9. The bill of exceptions in this case recites that on the 3rd day of July, 1950, there came on to be heard before Honorable C. L. Cowart, Judge of the City Court of Reidsville, Georgia, the case of George W. Solesbee *v.* R. P. Balkcom Jr., Warden of the State Penitentiary, which was a petition for writ of habeas corpus, alleging: that he was at the time incarcerated in the State Penitentiary and was about to be executed by the respondent in pursuance of an order of Honorable Edwin R. Smith, Judge of the Superior Court of Clinch County, Georgia; that the order under which the petitioner was about to be executed was passed by the said Edwin R. Smith, Judge, while the petitioner was forcibly detained in the penitentiary at Reidsville and was not permitted to be present on the date of the passage thereof; and the petitioner alleges that such order was for that reason void and in violation of stated provisions · of the State and Federal Constitutions. The petition further alleges that the petitioner was about to be executed in pursuance of an established practice designed to execute persons while insane, as shown by Georgia Laws of 1903, p. 77, the caption and section 1 of said act being quoted in the petition; "that your petitioner is now insane, and that insanity supervened after his conviction for murder in Clinch Superior Court and prior to the date fixed for his execution"; and that to so execute the petitioner would violate certain quoted provisions of the Fourteenth Amendment of the Constitution of the United States. The bill of exceptions further recites that to this petition the respondent filed a written response, a plea of res judicata, and a demurrer, copies of which are attached; and that the petitioner interposed an oral motion to dismiss the response and the plea of res judicata, upon stated grounds, which motions were overruled by the trial court, and to which judgments the petitioner excepts. The bill of exceptions then recites: "That after overruling such motions, the court announced that he would proceed to hear the merits of the case, and thereupon petitioner read the petition for a writ of habeas corpus, and insisted that under the law the writ should be made absolute; but the court proceeded to hear evidence of the

respondent to the effect"; and thereafter sets out certain evidence introduced by the respondent, to a portion of which the petitioner objected upon stated grounds; and to the overruling of these objections and the admission of the evidence the petitioner excepts. It is further recited that, after the court heard the evidence introduced by the respondent, it passed an order denying the writ of habeas corpus, a copy of the judgment of the court being attached to the bill of exceptions and being as follows: "The within application coming on for a hearing before me on this the 3rd day of July, 1950, under a previous order of the court which continued the hearing from June 23rd, and the respondent having filed a demurrer to the application, and a special plea in abatement, and an answer, and evidence having been submitted by the respondent in support of such special plea—now then after consideration of said case, and without passing either upon the demurrer, or the special plea, but considering the entire matter as a whole, it is the judgment of the court that the prayers of the petition are denied, and the applicant is remanded to the custody of the respondent for such further action as may be in accordance with the law." To this judgment the petitioner also excepted. *Held*:

1. The burden rested upon the petitioner to establish by proof the grounds of attack made in his petition for habeas corpus upon the order under which he was being detained by the respondent. Code, § 38-103; *Dicken* v. *Johnson*, 7 *Ga.* 484 (2); *Jones* v. *Smith*, 206 *Ga.* 162 (8) (56 S. E. 2d, 462); *Blackwell* v. *Jennings*, 128 *Ga.* 264 (2) (57 S. E. 484); *Wells* v. *Pridgen*, 154 *Ga.* 397, 399 (114 S. E. 355); *Roberts* v. *Dunaway*, 159 *Ga.* 397, 399 (126 S. E. 18); *Johnson* v. *Walls*, 185 *Ga.* 177, 178 (2) (194 S. E. 380); *Bunch* v. *Clark*, 185 *Ga.* 179 (194 S. E. 382); *King* v. *Mount*, 196 *Ga.* 461, 466 (26 S. E. 2d, 419); *Henson* v. *Scoggins*, 203 *Ga.* 540 (3) (47 S. E. 2d, 643).

2. The bill of exceptions disclosing that the petitioner offered no evidence whatever to support the allegations of his petition, but merely read his petition, the trial court did not err in denying the prayers of the petition, and in remanding the petitioner to the custody of the respondent.

3. Under the foregoing rulings, it becomes unnecessary to pass upon the special assignments of error, complaining of the overruling of oral motions to dismiss the response and plea of the respondent, and of rulings on the admission of evidence offered by the respondent.

*Judgment affirmed. All the Justices concur.*

No. 17249. OCTOBER 11, 1950.

*D. L. Stanfield* and *Pierce Bros.*, for plaintiff.

*J. T. Grice*, for defendant.