33244.   DIXON *v.* THE STATE.

MACINTYRE, P.J.   1. "The fact that that portion of the verdict which fixed the term of punishment was written below the signature of the foreman does not invalidate the verdict.  *Simpson* v. *State,* 34 *Ga. App.*

487 (130 S. E. 215); *Heaton* v. *State,* 37 *Ga. App.* 195 (4) (139 S. E. 103).” *McKenzie* v. *State,* 38 *Ga. App.* 200 (2) (143 S. E. 442).

2. The fact that the verdict *recommended* the term of punishment, instead of *prescribing* the punishment, does not vitiate the verdict. A substantial compliance with the statute is all that is required. *Edwards* v. *State,* 64 *Ga. App.* 266, 267 (13 S. E. 2d, 39).

3. The fact that the court, in sentencing the defendant, assigned him or ordered him delivered to the Prison Commission, which commission has been abolished, instead of assigning him or ordering him delivered to the State Board of Corrections, which board succeeded to the powers and duties of the commission, while not technically in the proper form, is not such an irregularity as is hurtful to any right of liberty, nor is it such a defect as to vitiate the sentence and deprive the defendant of due process of law under either the State or Federal Constitution. See, in this connection, *Stewart* v. *Sanders,* 199 *Ga.* 497(2) (34 S. E. 2d, 649); and, for the various acts creating the Prison Commission, changing its name, and conferring upon its successors the powers exercised by it, see the following: Ga. L. 1897, p. 71; Ga. L., 1937-38, Ex. Sess., p. 195; Ga. L., 1939, p. 106; Ga. L. 1941, p. 273; Ga. L. 1943, p. 210; Ga. L. 1946, p. 46.

From what has been ruled above, it follows that the trial court did not err in sustaining the general demurrers and in dismissing the motion to set aside the judgment, sentence, and verdict.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*

DECIDED JANUARY 27, 1951.

*J. D. Godfrey, Casey Thigpen,* for plaintiff in error.
*J. Cecil Davis, Solicitor-General,* contra.