## 34896. CHANEY *v.* THE STATE.

CARLISLE, J. 1. Where, on February 17, 1953, upon the defendant's plea of guilty of possessing non-tax-paid whisky in Whitfield County, the court entered the following sentence: "Whereupon, it is considered and adjudged by the court, that Robert Chaney do pay within three days a fine of $302.00 dollars, to include all the costs of this prosecution, and serve 6 months in the common jail of said county, and serve 12 months in the chain gang, but said jail and chain gang sentences shall be served outside said penal institutions during good behaviour and conditioned upon said Chaney not violating any law of this State, and then be discharged; or in default of such payment that said defendant do work in the chain gang on the public works, or in such other works as the lawful authorities may employ the chain gang, for and during the term of 6 months," and the defendant was placed on probation; and, where, on August 18, 1953, in a proper proceeding to revoke the probationary sentence, there was evidence adduced before the court, as trior of the facts, that a county policeman went to the residence of the defendant and upon searching the premises found empty whisky bottles, and in a coal pile about three steps from the back steps of the defendant's residence found two one-gallon jugs containing non-tax-paid whisky, and that the defendant admitted to the county policeman that the coal pile belonged to him; and where the defendant admitted on the trial that the whisky was found in the coal pile, but that he knew nothing of its presence there—there was sufficient evidence to authorize the trial court's finding that the defendant had violated the law of the State prohibiting the possession of non-tax-paid whisky, contrary to the condition of his probationary sentence, and to authorize the court's revocation of the probationary sentence for that reason. *Allen* v. *State*, 78 *Ga. App.* 526, 528 (51 S. E. 2d 571). And the court's revocation of the probationary sentence will not be interfered with by this court in the absence of a manifest abuse of discretion on the part of the court, which is not apparent in this case. *Waters* v. *State*, 80 *Ga. App.* 104 (55 S. E. 2d 677).

2. The sentence under which the defendant was placed on probation is not illegal and void, as requiring the defendant to serve twelve months in a chain gang when, according to the defendant, there is no such penal institution in Georgia. The act of 1938 (Ga. L. 1937-38, Ex.

Sess., p. 352; Code, Ann. Supp., §§ 77-215, 77-216) did not abolish chain gangs in this State. The General Assembly sought by denotation to remove some of the connotative stigmas attaching to our penal system, which the use of the words "chain gang" caused to be envisioned—groups of convicted men mercilessly chained together, performing the work which retributive justice required of them. The act merely provided that every chain gang in this State should be denoted a "public work camp," and that all criminal records and sentences should use that denotation in lieu of chain gang. The practice itself of using shackles, manacles, picks, leg irons, and chains was not prohibited by law until 1946 (Ga. L. 1946, pp. 46, 50; Code, Ann. Supp., § 77-370). While the sentence was irregular in not complying with the requirement of the act of 1938 to employ "public work camp" in lieu of "chain gang," the irregularity does not vitiate the sentence. See *Dixon* v. *State*, 83 *Ga. App.* 227, 228 (3) (63 S. E. 2d 278).

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED NOVEMBER 10, 1953.

*Stafford R. Brooke,* for plaintiff in error.
*Erwin Mitchell, Solicitor-General,* contra.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*