### 18689. PLOCAR *v.* FOSTER, Sheriff.

ALMAND, Justice. John Plocar, in a petition for the writ of habeas corpus, sought his release from A. B. Foster, Sheriff of Fulton County. He alleged that his restraint was illegal, in that he was being held by virtue of a sentence imposed in the Superior Court of Glynn County on December 18, 1952. Copies of the affidavit, accusation, and sentence in such case were attached as an exhibit to the petition, and show that a plea of nolo contendere was entered by the defendant to the accusation charging him with larceny from the house, and on said accusation and plea he was sentenced for not less than 5 years nor more than 5 years. The petition asserted that the sentence was void, in failing to (a) name the county in which the offense was committed, (b) allege the name of the owner of the property alleged to have been stolen or that his name was unknown, and (c) allege that the petitioner carried away the property with intent to steal. It was further alleged that the record in the case fails to show that the petitioner was informed of the nature of the offense with which he was charged, or that he was furnished with the names of witnesses, or had the assistance of counsel, all in violation of his rights under named provisions of the State and Federal Constitutions. The sheriff filed a response, in which he asserted that the petitioner was being held by virtue of the sentence contained in the exhibit to the petition, and denied all the material allegations of the petition. On the hearing, the only evidence introduced was a copy of the accusation and sentence in the Superior Court of Glynn County, wherein it appeared that the petitioner, upon a plea of nolo contendere, was sentenced to a term of 5 years for the offense of larceny from the house. To the order remanding the petitioner to the custody of the respondent, the petitioner brings the case here for review. *Held:*

1. Where a person charged with a criminal offense has been sentenced by a court having jurisdiction of the person of the defendant and of the offense charged, "habeas corpus can not be used as a substitute for appeal, writ of error, or other remedial procedure for the correction of errors." *McKay* v. *Balkcom*, 203 *Ga.* 790 (1) (48 S. E. 2d 453); *Wallace* v. *Foster*, 206 *Ga.* 561 (1) (57 S. E. 2d 920). Objections to the accusation under which the petitioner pleaded nolo contendere and the sentence was imposed, on the ground that the accusation was void and did not charge the defendant with any offense, are questions which could have been raised on his trial, and are not jurisdictional. *Fleming* v. *Lowry*, 173 *Ga.* 894 (4) (162 S. E. 144). "Where the court has jurisdiction of the offense and the offender, the sufficiency of the accusation,

154

or of the acts therein set forth to constitute a crime, can not be considered on habeas corpus." *Strickland* v. *Thompson,* 155 *Ga.* 125 (4) (116 S. E. 593). The accusation and affidavit upon which it was based show that the Superior Court of Glynn County had jurisdiction of the offense and the accused, and the facts that neither the affidavit nor the accusation alleged the name of the owner of the property, or that his name was unknown, and that the accusation failed to allege that the house from which the property was taken was in Glynn County, are not such matters as can be urged in a habeas corpus proceeding.

2. The allegations of the petition that the petitioner was denied his rights under the Fourteenth Amendment to the Federal Constitution and under article I, section I, paragraph V of the State Constitution, by not having the benefit of counsel, and was not given a list of witnesses or informed of his rights, are not supported by any evidence, the only evidence introduced at the trial being the affidavit, accusation, plea, and sentence. The record is silent on the question of whether the defendant did or did not have counsel, or was or was not furnished with a list of witnesses, or was or was not notified of the nature of the offense charged against him, and it will be presumed that whatever ought to have been done in the trial court was done and rightly done. *Creaden* v. *Krogh,* 75 *Ga. App.* 675 (2), 678 (44 S. E. 2d 136). The burden being upon the petitioner to establish by proof his ground of attack that he was denied the benefit of counsel, it was not error to deny his release on this ground. *Solesbee* v. *Balkcom,* 207 *Ga.* 352 (1) (61 S. E. 2d 471). The restraint of the petitioner not being illegal for any reason asserted, the trial court did not err in remanding him to the custody of the respondent.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 17, 1954—DECIDED OCTOBER 11, 1954— REHEARING DENIED NOVEMBER 10, 1954.

*William A. Thomas,* for plaintiff in error.

*Eugene Cook, Attorney-General, Robert H. Hall, Assistant Attorney-General, E. Freeman Leverett,* contra.