### 19641. PARKER v. PARKER.

WYATT, Presiding Justice. Inez Collins Parker filed habeas corpus proceedings in DeKalb Superior Court against her former husband James C. Parker, seeking the custody of minor children of the petitioner and the defendant. The trial court overruled certain special demurrers to the answer of the defendant, and awarded custody of the children to him. The exceptions here are to these judgments. *Held:*

The award of custody of a minor child in a divorce proceeding is conclusive between the parties, unless a change of circumstances affecting the interest and welfare of the child is shown. *Carter* v. *Brett,* 116 *Ga.* 114 (42 S. E. 348). This rule of law is so well settled that the citation of additional authority is unnecessary. The record in the instant case discloses that a divorce between the parties was obtained in Crisp Superior Court on April 28, 1952, in which proceeding the custody of the children involved was awarded to the plaintiff in error. Thereafter, she filed in Fulton Superior Court a habeas corpus proceeding against the defendant in error, in which she sought custody of the children. The defendant in error answered, alleging a change in circumstances affecting the welfare of the children. The brief of evidence in that proceeding is not included in the record in this case. By order of the Judge of Fulton Superior Court under date of August 4, 1954, custody of the children involved was awarded to the defendant in error. Thereafter, the plaintiff in error filed another habeas corpus proceeding in Fulton Superior Court against the defendant in error, seeking custody of the children in question, in which she alleged a change in circumstances affecting the welfare of the children. The prayers of the petition in that case were denied. Since it appears that a court of competent jurisdiction has, since the divorce decree and judgment relied upon by the plaintiff in error, awarded the custody of these

children to the defendant in error, and that judgment is unexcepted to, and there is no contention in the instant proceeding that there has been a change in condition affecting the welfare of the children, it was not error to overrule the special demurrers to the answer and to award the custody of the children to the defendant in error in the instant proceedings.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 12, 1957—DECIDED APRIL 9, 1957—REHEARING DENIED APRIL 24, 1957.

*Carpenter, Kaye, Mathews & Karp, A. Tate Conyers,* for plaintiff in error.

*Marion A. Sams,* contra.