## 20058. TENNEY et al. v. TENNEY.

DUCKWORTH, Chief Justice. This case involves custody of minor children. On the habeas corpus hearing the court awarded custody to the mother, the petitioner therein, against her former husband and his parents who are the plaintiffs in error. Previously to the order awarding custody to the mother, which is here excepted to, the mother had been awarded custody in a divorce and alimony action between the husband and wife in Fulton Superior Court. Thereafter, the paternal grandfather, who is a resident of Fulton County, took the children from the home of the mother, who resides in Clayton County, without her consent. The father, who lived with his parents, then filed a petition in the Juvenile Court of Clayton County alleging neglect. That court, without considering evidence, issued an ex parte order requiring the children to be taken into custody and placed in the temporary care and custody of the paternal grandparents. On the habeas corpus hearing here under review the evidence showed the legal custody to be in the mother, conflicting evidence as to whether the best interest and welfare of the children would be in the custody of the mother or the opposite parties, and no evidence of neglect. A copy of the verified petition filed in the Juvenile Court of Clayton County was not in evidence but merely the above ex parte order by the judge placing the temporary custody in the grandparents. *Held:*

1. Conceding but not deciding the authority of the Juvenile Court of Clayton County to take jurisdiction of the children in this case if found neglected, that court was without authority to issue an ex parte order awarding temporary custody, without a hearing, to the grandparents. And, even though Code (Ann.) § 24-2413 (Ga. L. 1951, pp. 291, 300) authorizes that court to immediately assume custody of a child and remove it from the conditions and surrounding in which it is found when it appears that the welfare of the child requires, the evidence here fails to disclose any such necessity for that court to assume custody. Such order is required by law to be by endorsement issued upon the summons to the person or persons having the custody and control of the child and the officer serving the same shall at once take the child into custody. That procedure was not followed, and we will not by construction hold that that court can take such ex parte

action in any other way. The court was without jurisdiction to issue the order which was void. Code § 110-701; *Wells* v. *Pridgen,* 154 *Ga.* 397 (114 S. E. 355); *Kinman* v. *Clark,* 185 *Ga.* 328 (195 S. E. 166).

2. The evidence showing no abuse of the trial court's wide discretion in hearing habeas corpus cases, the court did not err in remanding these minor children to the care, custody and control of the mother to whom they had been previously awarded. See *Carter* v. *Brett,* 116 *Ga.* 114 (2) (42 S. E. 348); *Fortson* v. *Fortson,* 200 *Ga.* 116 (35 S. E. 2d 896); *Parker* v. *Parker,* 213 *Ga.* 198 (97 S. E. 2d 580).

> *Judgment affirmed. All the Justices concur.*

ARGUED MAY 14, 1958—DECIDED JUNE 4, 1958.

*Roland P. Smith,* for plaintiffs in error.
*Russell G. Turner, Sr.,* contra.

