## 21103. COATES v. BALKCOM.

SUBMITTED JANUARY 9, 1961—DECIDED FEBRUARY 9, 1961.

*James R. Venable, Essley Burdine,* for plaintiff in error.
*Eugene Cook, Attorney-General, Earl L. Hickman, Deputy Assistant Attorney-General, B. Daniel Dubberly, Jr.,* contra.

GRICE, Justice. Paul E. Coates (plaintiff in error) filed his petition for habeas corpus against R. P. Balkcom, Jr., Warden of Tatnall Prison (defendant in error), in the City Court of Reidsville, Georgia.

The allegations of his petition, material and necessary to this statement, follow. He alleged that on June 11, 1959, he was found guilty of murder, with a recommendation of mercy, by a jury in the Superior Court of DeKalb County, Georgia, and was sentenced to life imprisonment; that the judge approved his 273 page brief of evidence without objection by the solicitor-general; that his amended motion for a new trial was denied; that this court refused to review the action of the trial judge in denying the motion for new trial, on the ground that petitioner had made no bona fide effort to brief the evidence in any manner, thus failing to comply with *Code Ann.* § 70-305, which

requires that the brief of evidence or transcript be prepared by deleting immaterial matter, objections, rulings, and colloquy; and that, since all of the grounds of said motion required reference to such brief of evidence, there was nothing to review, and affirmed the lower court; and that his restraint and detention was illegal, in that this court's refusal to consider his appeal was a denial of his rights under the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution, and also of his rights under the Georgia Constitution (*Code* § 2-103), in each of the following particulars, to wit: that he had complied with *Code Ann.* § 70-305 as to such brief of evidence, and that, if this court had reviewed the same, it would have been compelled to reverse the lower court since the evidence did not authorize his conviction; that *Code Ann.* § 70-305 is in conflict with *Code* §§ 6-1306 and 6-1307, which provide less drastic consequences for noncompliance with procedural rules as here; that, since no objection was made in the lower court, estoppel would prevent any such adverse ruling as to the brief in this court; that he had been discriminated against in that, while this court had refused to consider his brief of evidence, it has considered other briefs of evidence which were not in compliance with *Code Ann.* § 70-305.

After a hearing, the Judge of the City Court of Reidsville, on September 30, 1960, ordered that the petitioner be remanded to the warden to serve the remainder of his sentence. The petitioner assigned error on that order.

The question now is whether the writ of habeas corpus is the proper remedy under the aforestated circumstances.

It is quite apparent that the basis for the plaintiff in error's claim of illegal detention is the refusal by this court to consider his previous assignment of error because of the improper preparation of his brief of evidence in *Coats v. State*, 215 Ga. 563 (111 S. E. 2d 375). That ruling was as follows: "The record consists of 273 pages of what purports to be a brief of the evidence. Apparently it is the exact transcript of the evidence submitted at the trial, of which approximately 40 pages contain irrelevant matter such as various objections, motions and arguments of counsel, colloquies between counsel and the court, objections

by witnesses to questions propounded to them, the reading of law by the court during colloquies, evidence which was excluded by the court, and the instruction by the court to the defendant as to his right to make an unsworn statement, much of which comprise entire pages of the so-called 'brief.' In addition, much of the transcript is immaterial to the contentions contained in the motion. It is thus quite evident that no bona fide attempt has been made to brief the evidence in any manner, and this court has repeatedly held that it will not consider assignments of error in which reference must be made to such a purported brief of the evidence [citations]. Since all of the general and special grounds require reference to the brief of evidence in reviewing the court's final order denying the amended motion for new trial, there is nothing left for review. It follows that the court did not err in refusing a new trial."

The petitioner contends, as the sole basis for his habeas corpus now before us, that such ruling in 215 Ga. 563, was erroneous. This is but an effort to distort the function of that remedy. It is well established that "The writ of habeas corpus cannot be substituted for a motion for new trial, writ of error, or other remedial procedure, or be used as a remedy for the review of alleged errors in the trial court." *Blackstone v. Nelson*, 151 Ga. 706 (1) (108 S. E. 114). See also *McKay v. Balkcom*, 203 Ga. 790 (48 S. E. 2d 453); *Plocar v. Foster*, 211 Ga. 153 (84 S. E. 2d 360). Instead, the writ "is the appropriate remedy only when the court was without jurisdiction in the premises, or where it exceeded its jurisdiction in passing the sentence by virtue of which the party is imprisoned, so that such sentence is not merely erroneous, but is absolutely void." *Fleming v. Lowry*, 173 Ga. 894, 895 (162 S. E. 144). Also *Henson v. Scoggins*, 203 Ga. 540 (47 S. E. 2d 643).

Clearly, in view of the above and like authorities, the petitioner does not bring a case within the purview of habeas corpus. He had his opportunity, by writ of error, for review of the adverse ruling on his motion for new trial, but failed to avail himself of it by his noncompliance with necessary procedural requirements. He cannot now substitute habeas corpus for writ of error.

This court will not reverse the trial court for adhering to this court's holding in 215 Ga. 563. Accordingly the judgment is

*Affirmed. All the Justices concur.*