## 21492. HOLCOMB v. SHIRLEY.

ARGUED JANUARY 9, 1962—DECIDED JANUARY 22, 1962.

*Thomas C. Burton, Kimzey & Kimzey, Herbert B. Kimzey,* for plaintiff in error.

*Gross, Stowe & Sheppard, Paul M. Conaway, McClure, Ramsay & Struble,* contra.

ALMAND, Justice.   Jack Holcomb was permanently enjoined by a decree of the Superior Court of Stephens County from practicing the profession of dentistry without a license.   *Holcomb v. Johnston,* 213 Ga. 249 (98 SE2d 561).   A petition was filed in the court which granted the injunction, alleging that he had committed three acts in violation of the decree.   He was personally served with a copy of this petition and with a rule nisi requiring him to show cause at a time and place specified why he should not be adjudged in contempt.   He filed no response to this petition and did not appear for said hearing. In the absence of the respondent, the trial judge heard evidence, and also in his absence, adjudged him in contempt and sentenced him to pay a fine of $600 and to serve 60 days in jail.   No appeal was taken from this judgment.   Some time later, Holcomb filed a motion to amend, revise, and modify the contempt judgment, said motion being directed to the discretion of the judge only, and alleging that he was in need of hospital treatment; that further confinement in jail would impair his health; and that he and his wife had disposed of their property and were then in the process of moving out of Georgia.   This motion was dismissed, and this judgment was affirmed on appeal by this court in *Holcomb v. Johnston,* 216 Ga. 765 (119 SE2d 355).

When arrested under the contempt judgment, Holcomb filed his petition with the ordinary of said county for the issuance of the writ of habeas corpus directed to the respondent-sheriff, contending that the order of commitment was void because it was entered in his absence after a trial in his absence and that he had never had his day in court or been present at any trial, and that his arrest and imprisonment were illegal and the order void because it violated the due-process provisions of the Constitution of this State.   He further contended that the order was void in that he did not have the benefit of counsel on said hearing and was not confronted with the witnesses testifying against him and did not have the opportunity to cross-examine the witnesses against him, and the witnesses were not examined in his presence nor in the presence of his counsel, and that, for each and all of these reasons, the order of commitment was void.

The respondent-sheriff, in answer to the petition for habeas corpus, filed a motion to dismiss it on the grounds the petitioner

was estopped from attacking the judgment against him, and on the further ground that the judgment of commitment was valid. The ordinary, as habeas corpus judge, sustained the motion and dismissed the petition for habeas corpus. The petitioner's application for the writ of certiorari was sanctioned by the presiding judge in the superior court, but, on hearing, the petition for certiorari was overruled and dismissed. The petitioner appealed by writ of error to this Court.

The petitioner contends, as the sole basis for his habeas corpus now before us, that the ruling of the trial court finding him in contempt of court in his absence was erroneous and totally void, even though he was personally served with notice and a show-cause order.

The writ of habeas corpus is the appropriate remedy only where the court is without jurisdiction in the premises, or where it exceeds its jurisdiction in passing the sentence by virtue of which the party is imprisoned, so that such sentence is not merely erroneous, but is absolutely void. *Fleming v. Lowry,* 173 Ga. 894 (1) (162 SE 144); *Henson v. Scoggins,* 203 Ga. 540 (47 SE2d 643); and *Coates v. Balkcom,* 216 Ga. 564, 566 (118 SE2d 376). In this case it is clear that the petitioner voluntarily absented himself from the contempt proceedings after notice and a rule nisi had been personally served upon him. He will not now be allowed to distort the function and purpose of the writ of habeas corpus by arguing that he was not present at the proceedings. He had his opportunity, by writ of error, for review of the adverse ruling at the contempt proceedings, but failed to avail himself of it. He cannot now substitute habeas corpus for a writ of error.

*Judgment affirmed. All the Justices concur.*