### 24146. CLARKE v. GRIMES.

NICHOLS, Justice. Johnny Lee Clarke filed the present petition for writ of habeas corpus in the Superior Court of Fulton County after his conviction for murder was affirmed by this court (*Clarke v. State,* 221 Ga. 206 (144 SE2d 90)), and after a petition for writ of habeas corpus had been dismissed in Federal District Court and such judgment affirmed by the United States Court of Appeals for the Fifth Circuit (Clarke v. Grimes, 374 F2d 550), because the prisoner had not exhausted his state remedies.

The petition seeks to have the conviction set aside because prospective jurors were asked on voir dire examination "are you conscientiously opposed to capital punishment?" After hearing the trial court remanded the prisoner to custody and the appeal is from this judgment adverse to him. *Held:*

1. "The writ of habeas corpus is never a substitute for a review to correct mere errors of law. *McKay v. Balkcom,* 203 Ga. 790 (48 SE2d 453), and cases cited therein. It is an available remedy to attack a void judgment. *Fleming v. Lowry,* 173 Ga. 894 (162 SE 144); *Henson v. Scoggins,* 203 Ga. 540 (47 SE2d 643); *Coates v. Balkcom,* 216 Ga. 564 (118 SE2d 376)." *Sims v. Balkcom,* 220 Ga. 7, 9 (136 SE2d 766).

2. Where it is contended that the "make-up" of the jury is unconstitutional, challenge cannot, under the law, be made for the first time after an adverse verdict is returned. See *Sims v. Balkcom,* supra, and citations.

3. Where, as in the case sub judice, the defendant was represented by counsel and no objection was made to the qualification of the jury as to persons with conscientious objections to capital punishment until after verdict, such objections will be deemed to have been waived.

4. Moreover, if the attack here made had been timely, alleging the unconstitutionality of the voir dire question propounded under authority of *Code* § 59-806 (4), such attack would not have been meritorious. See *Massey v. State*, 222 Ga. 143, 150 (149 SE2d 118), and citations; *Brown v. State*, 223 Ga. 76 (7) (153 SE2d 709); *Cobb v. State*, 222 Ga. 733 (3) (152 SE2d 403).

(a) And the alleged expert testimony presented and relied upon by the prisoner would have been of no avail even if timely presented, since the effect of such testimony would be to show that prospective jurors who had conscientious scruples against the infliction of the death penalty for crime were not impartial. As held by the U. S. Supreme Court: "5. As the defendants were indicted and to be tried for a crime punishable with death, these jurors who stated on voir dire that they had 'conscientious scruples in regard to the infliction of the death penalty for crime' were rightly permitted to be challenged by the government for cause. A juror who has conscientious scruples on any subject, which prevent him from standing indifferent between the government and the accused, and from trying the case according to the law and the evidence, is not an impartial juror. This court has accordingly held that a person who has a conscientious belief that polygamy is rightful may be challenged for cause on a trial for polygamy. Reynolds v. United States, 98 U. S. 145, 147, 157; Miles v. United States, 103 U. S. 304, 310. And the principle has been applied to the very question now before us by Mr. Justice Story in United States v. Cornell, 2 Mason, 91, 105, and by Mr. Justice Baldwin in United States v. Wilson, Baldwin, 78, 83, as well as by the courts of every State in which the question has arisen, and by express statute in many States. Whart. Crim. Pl. (9th ed.) § 664." Logan v. United States, 144 U. S. 263, 298 (12 SC 617, 36 LE 429).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 14, 1967—DECIDED JUNE 22, 1967—
REHEARING DENIED JULY 6, 1967.

*Hester & Hester, Frank B. Hester, Richard M. Hester,* for appellant.

*Lewis R. Slaton, Solicitor General, Paul Ginsberg, J. Walter LeCraw,* for appellee.