24204. MOORE v. DUTTON, Warden.

NICHOLS, Justice. Robert Felton Moore was convicted of murder without a recommendation of mercy and on appeal his conviction was affirmed. *Moore v. State,* 222 Ga. 748 (152 SE2d 570). Thereafter, he filed a habeas corpus petition in which he sought his release because of the admission in evidence of a confession allegedly illegally obtained, the denial of counsel and because of the alleged unconstitutional "make-up" of the traverse jury. The trial court hearing the issue thus made remanded the prisoner to the warden of the state penitentiary and it is from this judgment that the prisoner appeals. *Held:*

1. " 'The writ of habeas corpus is never a substitute for a review to correct mere errors of law. *McKay v. Balkcom,* 203 Ga. 790 (48 SE2d 453), and cases cited therein. It is an available remedy to attack a void judgment. *Fleming v. Lowry,* 173 Ga. 894 (162 SE 144); *Henson v. Scoggins,* 203 Ga. 540 (47 SE2d 643); *Coates v. Balkcom,* 216 Ga. 564 (118 SE2d 376).' *Sims v. Balkcom,* 220 Ga. 7, 9 (136 SE2d 766). Where it is contended that the 'make-up' of the jury is unconstitutional, challenge cannot, under the law, be made for the first time after an adverse verdict is returned. See *Sims v. Balkcom,* supra, and citations." *Clark v. Grimes,* 223 Ga. 461 (1, 2) (156 SE2d 91).

(a) Where no question was raised as to the "make-up" of the jury until after verdict such contention is deemed to have been waived and the trial court did not err in denying the prisoner's prayers for relief based upon this ground.

2. On the trial of the case evidence of a confession by the defendant was admitted over objection, and on appeal of the case before this court (222 Ga. 748), supra, the evidence was held to have been properly admitted. The evidence upon the present hearing included the transcript of the prior trial as well as additional testimony as to the circumstances surrounding such confession and the events which transpired prior thereto. The trial court, the trior of fact, did not err in finding upon conflicting evidence that the prisoner had been fully advised of his constitutional rights prior to making the confession complained of and that he was represented in the proceeding by three qualified and competent attorneys. The judgment remanding the prisoner to custody was not error for any reason assigned.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 11, 1967—DECIDED SEPTEMBER 21, 1967.

*Tom Dillon, Murray Silver,* for appellant.

*Arthur K. Bolton, Attorney General, B. Daniel Dubberly, Jr., Deputy Assistant Attorney General, Marion O. Gordon, Assistant Attorney General, Joel C. Williams, Jr.,* for appellee.

