24538. JONES v. THE STATE.

ARGUED MARCH 13, 1968—DECIDED APRIL 9, 1968—
REHEARING DENIED APRIL 22, 1968.

*Hester & Hester, Frank B. Hester, Richard M. Hester,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Roger Thompson, J. Walter LeCraw, Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, William R. Childers, Jr., Deputy Assistant Attorney General,* for appellee.

NICHOLS, Justice. Jesse Leon Jones was convicted of murder on June 21, 1967, and sentenced to death by electrocution. The appeal is from such judgment.

■ Enumeration of error 4 contends that the trial court erred in refusing the appellant access to "transcriptions of oral interrogatories by representatives of the Atlanta Police Department of State witnesses and medical reports concerning the results of the physical examination of the deceased, requested in defendant's motion for discovery filed May 29, 1967." Such enumeration of error is without merit. As was held in *Blevins v. State,* 220 Ga. 720 (2) (141 SE2d 426), and quoted with approval in *Williams v. State,* 222 Ga. 208, 212 (149 SE2d 449): "There is no statute or rule of procedure of force in this State which requires a solicitor-general or other prosecuting officer to make his evidence, documentary or otherwise, available to the accused or his counsel before trial."

This case, unlike Giles v. Maryland, 386 U. S. 66 (87 SC 793, 17 LE2d 737), shows no attempt by the State to suppress evidence or to present perjured testimony on the trial.

■ The fifth enumeration of error which complains of the trial court's excusing prospective jurors because they were conscien-

tiously opposed to capital punishment is without merit. See *Williams v. State,* 222 Ga. 208, supra; *Clarke v. Grimes,* 223 Ga. 461 (4) (156 SE2d 91), and citations.

■ The sixth enumeration of error complains of the refusal of the trial court to declare a mistrial after a witness for the State testified with reference to a conversation which took place out of the presence of the accused. The witness was detailing events which led to the arrest of the accused. The particular question dealt with the witness's conduct in determining the place where the defendant was hiding at the time he was arrested. The testimony complained of was that a named person told them the defendant was in the attic of a house. Such testimony to explain conduct in looking for and finding the accused in such location was admissible. See *Code* § 38-302; *Coleman v. State,* 127 Ga. 282 (56 SE 417); *Bryant v. State,* 191 Ga. 686, 689 (14) (13 SE2d 820).

■ The seventh enumeration of error complains of the refusal of the trial court to permit counsel for the appellant to have a copy of a written statement made by a witness for the State until after the State rested its case. In response to the request for such statement the court ruled: "I will permit you to see whatever statement he had made, if he has made such a statement, after the State rests its case, and then I will permit you to recall this witness if you wish to do so." The motion seeking such statement was for the purpose of determining if contradictory statements had been made by the witness and if so to use them for the purpose of impeachment. The ruling of the court did not preclude the defense from obtaining the statement, if any existed, but merely postponed it until the State finished presenting its case. It not appearing that the defendant again requested the statement, that any statement did in fact exist, or that the defendant was in any way prohibited from a thorough and sifting cross examination of such witness, no harmful error, if indeed any error, is shown by this enumeration of error.

■ The eighth enumeration of error complains of the refusal of the trial court to grant a mistrial after a witness for the State had testified when such witness's name was not on the

list of witnesses furnished the defendant prior to the trial. The testimony of such witness was stricken and the jury instructed to disregard it.

The basis of the defendant's complaint is that the witness should not have been permitted to testify in view of the language of the Act of 1966 (Ga. L. 1966, pp. 430, 431) amending *Code* § 27-1403 as follows: "Every person charged with an offense against the laws shall be furnished, on demand, previously to his arraignment, with a copy of the accusation, and a list of the witnesses on whose testimony the charge against him is founded. Without the consent of the defendant no witness shall be permitted to testify for the State whose name does not appear upon the list of witnesses as furnished to the defendant unless the solicitor or prosecuting attorney shall state in his place that the evidence sought to be presented is newly-discovered evidence which the State was not aware of at the time of its furnishing the defendant with a list of the witnesses."

As pointed out in *Prather v. State,* 223 Ga. 721 (157 SE2d 734), it is imperative that a demand be made before the provisions of such Act are operative. However, not just any demand is sufficient, it is a demand "previous to his arraignment." In the present case the only demand shown was upon the call of the case immediately before a jury was selected, presumably after arraignment. *Code Ann.* § 27-1401. But even if such demand came before arraignment when the time came for arraignment the defendant and his attorney signed a written waiver of arraignment and of such list of witnesses. See also *Green v. State,* 223 Ga. 611 (157 SE2d 257), which deals with the necessity of a proper demand before such statement is operative so as to limit witnesses the State may use. This enumeration of error is without merit.

■ The ninth enumeration of error complains of the refusal of the trial court to charge timely written requests on the subject of voluntary manslaughter. The sole evidence relied upon by the defendant to authorize such charges was the testimony of what the defendant said after the alleged shooting occurred. This testimony was given by Charles Berry and the statement attributed to the defendant was made on the morning the shoot-

ing occurred. The statement was that he, the defendant, was sitting in a car and the officer pulled up and asked him what he was doing, and he, the defendant, said "what the hell does it look like I'm doing . . . I am counting this money," that "the officer went to [sic] reach for his gun" and he beat him to the draw.

The defendant was admittedly an escapee from prison who had committed additional crimes since his escape. Under the decision in *Murray v. State,* 201 Ga. 201 (4) (39 SE2d 842), and similar cases, this evidence did not show manslaughter, but on the contrary, if the shooting occurred under circumstances as outlined in the statement which resulted in the death of the police officer it would show murder. The trial court did not err in refusing to charge on voluntary manslaughter.

■ The tenth and eleventh enumerations of error complain of mere fragments of the court's charge. When the whole charge on the subjects from which these fragments are taken is considered no error is shown.

■ Enumerations of error numbered twelve and thirteen complain of the overruling of the defendant's attack upon the method of selecting juries in Fulton County. Both relate to questions raised after verdict and at a term of court subsequent to the one when the verdict was rendered. Both enumerations of error complain of rulings of the trial court overruling post-trial motions attacking the "makeup" of the jury list, and for this reason alone were properly overruled. See *Clarke v. Grimes,* 223 Ga. 461, supra; *Moore v. Dutton,* 223 Ga. 585 (157 SE2d 267), and citations.

■ The brief of evidence in this case consists of approximately six hundred pages and it would indeed serve no useful purpose to set forth the evidence in detail. Suffice it to say the evidence has been carefully examined and amply supports the verdict of the jury finding the defendant guilty of murder. Enumerations of error 1, 2 and 3 are without merit.

*Judgment affirmed. All the Justices concur.*