**Charles F. WARE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19248.**

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 22, 1965.

Decided Nov. 3, 1965.

Certiorari Denied Feb. 21, 1966. See 86 S.Ct. 914.

Mr. Sigmund Timberg, Washington, D. C. (appointed by this court) for appellant.

Mr. Sidney M. Glazer, Attorney, Department of Justice, for appellee. Mr. David C. Acheson, U. S. Atty. at the time the brief was filed, Messrs. Frank Q. Nebeker and Harold H. Titus, Jr., Asst. U. S. Attys., and Mr. Edwin C. Brown, Jr., Asst. U. S. Atty. at the time the brief was filed, were on the brief for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge, and McGOWAN and TAMM, Circuit Judges.

TAMM, Circuit Judge.

The question presented to us in this case is whether persons convicted of crimes punishable by imprisonment for more than one year but who were later pardoned or amnestied were systematically and intentionally excluded from the grand jury which indicted appellant, or from the petit jury which found him guilty.

Appellant was arrested on July 2, 1964, pursuant to an indictment for narcotics violations returned June 29, 1964. On December 7, 1964, appellant, through his counsel, filed a motion to dismiss the prospective jury panel and to dismiss the indictment on the ground that persons who had been convicted of felony offenses but had subsequently received a pardon or amnesty had been systematically excluded from jury duty by the Jury Commission of the District of Columbia. This motion was heard and denied on December 18, 1964. The motion was renewed on January 28, 1965, the date set for trial, and was again argued and denied. Appellant was thereafter found guilty of violating Sections 4704(a) and 4705(a) of Title 26 of the United States Code and sentenced to serve concurrently ten years on each of two counts of the indictment.

Qualifications of jurors in the District of Columbia are defined in both the United States Code and the District of Columbia Code. The qualifications for jurors in the District of Columbia, as governed by the provisions of Section 2301(a) of Title 11, District of Columbia Code (Supp. IV 1965), enacted December 23, 1963, and effective January 1, 1964, are in pertinent part as follows:

(a) Any citizen of the United States who has attained the age of 21 years and who has resided for a period of one year within the District of Columbia is competent to serve as a grand or petit juror in courts of the District unless he:

(1) has been convicted in a state, territorial, or federal court of record, or court of the District, of a crime punishable by imprisonment for more than one year, and his civil rights have not been restored by pardon or amnesty.

\* \* \* \* \* \*

This statute is patterned after Section 1861 of Title 28, United States Code (Supp.1964), which prescribes similar standards for Federal jurors in general. Appellant argues that Section 1861 applies equally as well to the District

Court for the District of Columbia as to other Federal judicial districts. Since it was extant at the time the grand and petit jurors who indicted and convicted appellant were selected, appellant contends that its provision with respect to pardoned convicted felons should have guided the District's Jury Commissioners, even though the District statute (Section 11–1417 of D.C.Code (1961 ed.)) contained no such provision until the enactment of Section 11–2301(a) quoted above.[1]

We need not, however, decide this particular point since, in our view, the appellant has failed to demonstrate that the Commissioners have engaged in such conduct under either statute which has resulted in the type of exclusion from the juror roles which would require this court, in the exercise of its supervisory powers, to reverse appellant's conviction. See Ballard v. United States, 329 U.S. 187, 193, 67 S.Ct. 261, 91 L.Ed. 181 (1946).

The practice of the District of Columbia Jury Commission in selecting prospective jurors prior to May, 1964, was as follows: An arbitrary mathematical formula, which is changed periodically, was used to extract names at random from both the city and telephone directories. The Commission then sent questionnaires to all persons so selected. Among the questions sent to prospective jurors was Number 20, which read as follows:

> 20. Have you ever been indicted for, or convicted of any offense in any court? If so, state when and where and the nature of the offense.

Should an affirmative answer be given to question 20, the individual member of the Jury Commission reviewing the particular questionnaire would set it aside for review by the entire Commission. The person under inquiry was then further investigated by the Commission, either through a personal interview or by reference to the police criminal records. If it were determined that the offense for which the person was convicted was of such a nature as to disqualify him from jury duty, his name was left off the jury list from which were eventually selected the grand and petit jury panels.

Apparently none of the Jury Commissioners could recall ever having asked a prospective juror with a disqualifying criminal record whether he had received a pardon or amnesty, nor had this information ever been volunteered to the Commissioners during their time of service despite the fact that question 36 of the questionnaire afforded a person an opportunity to reveal "anything that would affect [his] ability to serve."

After the jury list was compiled, persons were selected therefrom, and they reported to court to be selected for jury duty. The clerk of the presiding judge, in open court, asked the entire panel, *inter alia*, whether they had ever been convicted of a crime. They were not asked whether they had received a pardon or amnesty. Finally, the names of all prospective jurors thus selected were sent to the police for a check of their criminal records, and, if they were found to be ineligible to serve, they were notified not to report for jury duty.

Sometime after the effective date of Section 2301(a) of the D.C.Code, the Jury Commission became aware of that section's provisions with respect to pardoned or amnestied convicts and altered its procedure accordingly. Beginning in May, 1964, a new questionnaire was circulated inquiring whether a prospective juror who had been convicted had received a pardon. In addition, the clerk of the presiding judge now makes the same inquiry in open court when jurors are being selected.

Appellant asserts that the practice of the Jury Commission prior to May of

---

1. The grand jury which indicted appellant was impaneled on May 5, 1964, from lists which had been drawn up prior to January 1, 1964, the effective date of Section 2301(a).

1964 creates an inference of the systematic exclusion from jury service of these eligible persons. This contention, however, is insufficient to support the reversal of appellant's conviction.

■ The governing standards in cases such as this were set forth by the Supreme Court in Thiel v. Southern Pacific Co., 328 U.S. 217, 220, 66 S.Ct. 984, 985, 90 L.Ed. 1181 (1946):

> The American tradition of trial by jury, considered in connection with either criminal or civil proceedings, necessarily contemplates an impartial jury drawn from a cross-section of the community. * * * This does not mean, of course, that every jury must contain representatives of all the economic, social, religious, racial, political and geographical groups of the community; frequently such complete representation would be impossible. But it does mean that prospective jurors shall be selected by court officials without *systematic and intentional exclusion* of any of these groups. (Emphasis added.)

■ The object of the requirements is to insure the representative nature of the jury and to protect against any deliberate and conscious effort on the part of the persons selecting jurors to exclude certain groups, thus preventing a cross-section of the community from sitting thereon. Ballard v. United States, 329 U.S. 187, 191–195, 67 S.Ct. 261 (1946).

■ The burden is on the appellant to show that some recognizable class has been improperly excluded from the jury. Glasser v. United States, 315 U.S. 60, 87, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Frazier v. United States, 335 U.S. 497, 503, 69 S.Ct. 201, 93 L.Ed. 187 (1948); McManaman v. United States, 327 F.2d 21, 23 (10th Cir.), cert. denied, Jenkins v. United States, 377 U.S. 945, 84 S.Ct. 1351, 12 L.Ed.2d 307 (1964).

■■ Assuming we are dealing with a cohesive and, therefore, eligible class, then of course prejudice to the accused need not be shown. Ballard v. United States, *supra*, 329 U.S. at 195, 67 S.Ct. 261; Young v. United States, 94 U.S. App.D.C. 54, 212 F.2d 236, 239 n. 5, cert. denied, 347 U.S. 1015, 74 S.Ct. 870, 98 L.Ed. 1137 (1954). Appellant, nevertheless, must establish that there exist in the District of Columbia pardoned convicted felons eligible for jury duty but who have been kept off the juror roles through the deliberate and purposeful efforts of the Jury Commission. This the appellant has failed to do.

■ No showing has been made of such eligible persons living in the District of Columbia. Appellant's statement in his brief, p. 16, that "[f]igures are not available as to the size of the group" does not substitute for positive proof that such persons are available for jury duty in this jurisdiction. Cf. Hernandez v. State of Texas, 347 U.S. 475, 479, 74 S.Ct. 667, 98 L.Ed. 866 (1954).

■ Furthermore, even if the class does exist there is absolutely no showing that the Jury Commissioners purposely, deliberately and systematically excluded these persons from the jury lists. Actually, at the hearing on January 28, 1965, appellant's trial counsel admitted (Tr. 7, 11) that the Commissioners were not even aware that Section 2301(a) of the District of Columbia Code permitted these people to serve on juries until some time after the effective date of that act. The revision of the questionnaire and courtroom procedure to encompass this contingency, if anything, reflects an intent on their part that these individuals should not be excluded. In any event, no purposeful discrimination has been demonstrated.

Appellant argues that the element of "intentional" exclusion was not significant in either the *Thiel* or *Ballard* decisions. A careful reading of those cases, however, compels the opposite conclusion.

In *Thiel,* the Court found:

The undisputed evidence in this case demonstrates a failure to abide by the proper rules and principles of jury selection. Both the clerk of the court and the jury commissioner testified that they *deliberately and intentionally excluded* from the jury lists all persons who work for a daily wage. * * * (Emphasis added.) 328 U.S. at 221, 66 S.Ct. at 986.

In *Ballard,* decided slightly more than six months after *Thiel,* the Court discussed the *Thiel* case and noted that there "[a]ll persons who worked for a daily wage had been *deliberately and intentionally excluded* from the jury lists." (Emphasis added.) 329 U.S. at 192, 67 S.Ct. at 263. Relying on the standards set forth in *Thiel* (*supra* p. 790), the Court in *Ballard* concluded "that the *purposeful and systematic exclusion* of women from the panel in this case," which had been conceded, "was a departure from the scheme of jury selection which Congress adopted and that, as in the Thiel case, we should exercise our power of supervision over the administration of justice in the federal courts * * * to correct an error which permeated this proceeding." (Emphasis added.) Id. at 193, 67 S.Ct. at 264.

It is evident that any irregularity involved in the present case in no way resembles the type of conduct which would necessitate our setting aside appellant's conviction or quashing his indictment.

We refrain from passing upon a second and obvious question suggested by the pleadings, because a resolution of that question is not necessary to the disposition of this case. Whether pardoned felons constitute a group which may not be excluded from jury service is immaterial in view of our finding that there was no showing of a deliberate, purposeful and sustained exclusion of such a character as to invalidate the indictment and trial.

Affirmed.