**Timothy BURNS, Appellant,**

v.

**STATE OF ALABAMA, Appellee.**

No. 22754.

United States Court of Appeals
Fifth Circuit.

May 12, 1966.

ed counsel on May 13, 1957, when he was tried and convicted of robbery and sentenced to life imprisonment. He also alleged that he had previously petitioned for coram nobis relief in the state courts but that the petition had been denied. The district court denied the writ without a plenary hearing and without requiring a return in behalf of the State of Alabama. The lower court also denied the appellant's motion for certificate of probable cause. Thereafter, this court granted the appellant a certificate of probable cause and leave to appeal in forma pauperis.

Subsequent to the granting of leave to appeal, appellee filed a motion to dismiss the appeal on the ground that the appellant had failed to exhaust his state court remedies. We ordered that the motion to dismiss be carried with the case. Thus, there are two questions before this court: (i) whether appellant has failed to exhaust his state remedies, and (ii) whether appellant was effectively represented by counsel in the state court proceedings.

With respect to the first question, the record indicates that appellant did petition for coram nobis relief and that the petition was denied on January 15, 1965. Appellee maintains that appellant has not exhausted his state remedies in that he has yet to appeal the denial of that petition.

Under the law of Alabama, an indigent has ten days after the entry of an order denying coram nobis relief in which to apply for a free transcript for appeal. Code of Alabama, tit. 15 § 380 (14)–380(25) (1940) (Recomp. 1958). In the instant case, the order denying coram nobis relief was entered on January 15, 1965; appellant did not apply for a free transcript within the prescribed period. Thus, for all practical purposes, appellant had no available state remedy after January 25, 1965.

In Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), it was held that the failure of a person to avail himself of a state court remedy was not a

———◆———

Timothy Burns, pro. se.

Richmond M. Flowers, Atty. Gen., John C. Tyson, III, Asst. Atty. Gen., Montgomery, Ala., for appellee.

Before TUTTLE, Chief Judge, THORNBERRY, Circuit Judge, and LYNNE, District Judge.

LYNNE, District Judge:

Appellant, an indigent Alabama state convict, filed a petition for writ of habeas corpus on February 17, 1965, in the District Court for the Southern District of Alabama alleging that he was not effectively represented by court-appoint-

bar to obtaining federal habeas corpus relief where the state remedy was not available at the time the petition for habeas corpus was filed. The Court added, however, that "the federal habeas judge may in his discretion deny relief to the appellant who has deliberately by-passed the orderly procedure of the state courts and in so doing has forfeited his state court remedies." 372 U.S. at 438, 83 S.Ct. at 849.

In this case, the appellant filed his petition for habeas corpus relief on February 17, 1965. Thus, there was in essence no available state remedy at the time of the filing of such petition. The district court made no finding that the appellant had deliberately by-passed the appellate procedure of the Alabama state courts. This court therefore concludes that appellee's contention that appellant has not exhausted his state remedies in that he has yet to appeal the denial in the coram nobis proceeding is without merit.

As another ground, appellee asserts in its brief that appellant has failed to appeal the denial of a second coram nobis petition which involved the same questions as that in the first petition discussed above, and thus, that appellant has failed to exhaust his state remedies. The record in this case indicates that the second coram nobis proceeding was concerned with an entirely different case; the second proceeding inquired as to whether constitutional safeguards were present in a case tried on May 14, 1957, when appellant received a ten-year sentence for robbery. Thus, whether or not appellant appealed the denial in that proceeding has no relevance to the exhaustion of state remedies in this case.

Summarizing, this court is of the firm opinion that there is no showing that appellant has failed to exhaust available state remedies. Accordingly, the motion to dismiss the appeal is denied.

With regard to the second issue on appeal, that is, the effectiveness of counsel in the state court proceedings, the trial judge stated in his order denying the petition for writ of habeas corpus that the petition showed on its face that appellant was represented by counsel at the trial in the state court. However, the appellant alleged in his petition that counsel was not present throughout the entire trial and that counsel did not adequately represent him during the trial. Thus, the finding of the trial judge does not meet head-on the contentions of the appellant.

The appellee has forwarded to this court a copy of the decree entered by the state court in the first coram nobis proceeding. In that decree, the state judge specifically found that appellant was represented by effective counsel when he was sentenced to life imprisonment for robbery. The opinion, however, does not indicate whether appellant was effectively represented by court-appointed counsel during the coram nobis proceeding. Moreover, there is no evidence that appellant was afforded counsel with respect to the proper mode of appeal of the state court's denial of the coram nobis petition.

There are many unanswered questions in this case, and on the state of the record before us, we do not feel that we can make a proper judicial determination of the issues raised in the petition for the writ. A complete hearing should have been conducted by the district court on the question of adequacy of court-appointed counsel at the trial of May 13, 1957, and it erred in failing to do so. Accordingly, the lower court's order denying the writ of habeas corpus is vacated, and the case is remanded to the district court with instructions to conduct a full hearing.

Reversed and remanded.