John H. MATTHEWS, Jr., Appellant,

v.

UNITED STATES of America,
Appellee.

No. 22975.

United States Court of Appeals
Fifth Circuit.

Oct. 10, 1966.

Thomas W. Hathaway, Tyler, Tex. (Court-appointed counsel), for appellant.

Jacob F. Bumstead, U. S. Atty., Beaumont, Tex., H. D. Nicholson, Asst. U. S. Atty., Wm. Wayne Justice, U. S. Atty., Eastern Dist. of Texas, Tyler, Tex., for appellee.

Before WISDOM, BELL and AINSWORTH, Circuit Judges.

PER CURIAM:

Appellant was charged with a violation of the Dyer Act. 18 U.S.C.A. § 2312. This appeal is from a judgment of conviction entered on a jury verdict of guilty. The sole contention concerns the admissibility of a confession.

The trial began on August 4, 1965. Under the prospective application doctrine of Johnson v. State of New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, appellant was entitled to the benefit of the holding in Escobedo v. State of Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, but not to that of Miranda v. State of Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. As it happens, the only possible error would depend for substance on the fact that appellant, an indigent, was not advised before the interrogation that he was entitled to the assistance of appointed counsel. This is a right arising under *Miranda* but not under *Escobedo*. *Miranda* is applicable only to trials beginning after June 13, 1966, and thus its doctrine is of no avail to appellant.

The proof was clear, both on the preliminary examination by the court with respect to the question of the volun-

tariness of the confession, and on submission of the same question to the jury, that no coercion was used in obtaining the statement. Also appellant was told that he need not give a statement; that it could be used against him in court if given; and that he might consult with counsel before giving a statement. This accords with the law as it existed prior to *Miranda*. Cf. Lyles v. Beto, 5 Cir., 1966, 363 F.2d 503; and Marion v. Harrist, 5 Cir., 1966, 363 F.2d 139.

Affirmed.