Phillip BAKER, Appellant,

v.

A. Frank LEE, Prison Commissioner
et al., Appellees.

No. 24557.

United States Court of Appeals
Fifth Circuit.

Oct. 27, 1967.

Phillip Baker, pro se.

MacDonald Gallion, Atty. Gen., John
C. Tyson, III, Asst. Atty. Gen., Montgom-
ery, Ala., for appellees.

Before GEWIN, BELL and AINS-
WORTH, Circuit Judges.

PER CURIAM:

Appellant's petition for writ of habeas
corpus was denied without a hearing for
failure of appellant to exhaust his state
remedies.

We reverse and remand for the follow-
ing reasons: There was no state remedy
available to appellant at the time the fed-
eral habeas corpus petition was filed, and
the District Court failed to find that ap-
pellant had deliberately bypassed the or-
derly procedure of the state court and in
so doing forfeited such remedies. Fay
v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9
L.Ed.2d 837 (1963).

Phillip Baker, appellant, was convicted
on a plea of guilty to the charge of for-
gery of a $71.00 money order after in-
dictment and waiver of counsel, in the
Circuit Court of Elmore County, Ala-
bama. He was sentenced to a term of
fifteen years' imprisonment in the state
penitentiary. The Court of Appeals of
Alabama affirmed the conviction and de-
nied rehearing. Upon timely application
to the sentencing court for writ of error
coram nobis, an evidentiary hearing was
held on December 17, 1965 and the writ
was denied on the same day. On March
22, 1966, Baker filed a petition for writ
of mandamus to the state court, request-
ing the court to direct the Clerk of Court
to comply with an alleged order of that
court issued on the day of the coram no-
bis hearing, presumably given in open
court upon oral motion of Baker or his
court-appointed counsel. The order al-

legedly directed the court reporter to furnish Baker with a free copy of the transcript and record of the coram nobis hearing within sixty days from the denial of the writ. The state court thereafter denied the writ of mandamus.

Baker's petition for federal habeas corpus relief was filed on November 14, 1966, approximately eleven months after the state court's denial of the coram nobis writ, after the prescribed period for taking an appeal had passed. Consequently, Baker had no available state remedy at that time.

The U. S. Supreme Court in Fay v. Noia, supra, held at 399, 83 S.Ct. at 827:

"Noia's failure to appeal was not a failure to exhaust 'the remedies available in the courts of the State' as required by § 2254; that requirement refers only to a failure to exhaust state remedies still open to the applicant at the time he files his application for habeas corpus in the federal court. * * *"

The Court further noted, however, at 438, 83 S.Ct. at 849:

"the federal habeas judge may in his discretion deny relief to an applicant who has deliberately by-passed the orderly procedure of the state courts and in so doing has forfeited his state court remedies."

The District Court failed to make a finding, requisite for a denial of the writ on the grounds of non-exhaustion, that Baker did deliberately forego available state court remedies, Burns v. State of Alabama, 5 Cir., 1966, 360 F.2d 608.

We therefore reverse and remand for a hearing on the question of whether appellant deliberately bypassed available state remedies. Should the district court find that the evidence shows that he did, the writ should be denied; alternatively, should the evidence disclose that appellant did not deliberately bypass such remedies, the court is directed to hold a full hearing on all of the constitutional questions presented by appellant's petition for writ of habeas corpus.

Reversed and remanded.