William **BURTON**, Appellant,

v.

**STATE OF ALABAMA**, Appellee.

No. 25564.

United States Court of Appeals
Fifth Circuit.

June 25, 1968.

Donald M. Briskman, Mobile, Ala., for appellant.

Marlin Mooneyham, Asst. Atty. Gen., Montgomery, Ala., for appellee.

Before JOHN R. BROWN, Chief Judge, DYER, Circuit Judge, and GARZA, District Judge.

PER CURIAM:

This is an appeal from a denial of a writ of habeas corpus without a hearing.

Appellant was convicted of robbery in 1935 by the Montgomery County Circuit Court. He was sentenced to life imprisonment.

The Appellant asserts the following points as error:

1) A denial of due process under the Fourteenth Amendment, claiming lack of equal protection because his confession was coerced;

2) Evidence submitted at his trial was obtained as the result of an illegal search and seizure, in violation of the Fourteenth Amendment;

3) Counsel was unconstitutionally denied from the time Appellant was arrested until just before his trial, during which time the confession was extracted; and

4) Negroes were systematically excluded from the jury which tried him.

The United States District Court denied the writ for Appellant's failure to exhaust his State remedies.

Appellant originally filed a petition for a writ of error coram nobis in the Circuit Court of Montgomery County, Montgomery, Alabama. This writ was denied after a full hearing on the merits.

There is some dispute concerning what route the Appellant took in the State courts after this denial. The Appellant claims that he appealed the denial of the writ of error coram nobis all the way to the Alabama Supreme Court. The Appellee asserts that the Appellant failed to appeal from the coram nobis denial, and started on habeas corpus proceedings in the Alabama State courts. The record does not reflect what has actually transpired.

■ Under Alabama law, the only remedy available when the alleged invalidity appears in the evidence, or must be established by parol testimony, is the common-law writ of error coram nobis. Johnson v. Williams, 244 Ala. 391, 13 So.2d 683; Wiman v. Argo, 308 F.2d 674 (5 Cir., 1962), cert. den. 371 U.S. 933, 83 S.Ct. 306, 9 L.Ed.2d 270.

The writ of error coram nobis was the only effective route open to Appellant under Alabama law. A denial of this writ must be appealed within six months.

■ The only State remedies that must be exhausted before filing a petition for a federal writ of habeas corpus are those effective State remedies which are presently available, unless the habeas corpus applicant has deliberately bypassed his State remedies. 28 U.S.C. A. § 2244; Bell v. State of Alabama, 367 F.2d 243 (5 Cir., 1966), cert. den. 386 U.S. 916, 87 S.Ct. 859, 17 L.Ed.2d 788.

■ The district court made no finding that the Appellant deliberately bypassed his State remedies and in doing so forfeited such remedies. Such a finding is a requisite for a denial of a writ of habeas corpus based upon the non-exhaustion of State remedies. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L. Ed.2d 837; Baker v. Lee, 384 F.2d 703 (5 Cir., 1967); Burns v. State of Alabama, 360 F.2d 608 (5 Cir., 1966).

■ This case is hereby remanded to the district court so that it may either make a finding that the Appellant deliberately bypassed his State remedies, or, failing to make such a finding, give the Appellant a hearing.

■ The district court is affirmed on Appellant's fourth claim of error, that being the systematic exclusion of Negroes from the jury.

Appellant has for the first time raised this point in this present writ. The Appellant must first present this issue to the State courts via a writ of error coram nobis, and exhaust that remedy be-fore it can be presented to a federal court. Title 28 U.S.C.A. § 2254; Mathis v. Wainwright, 351 F.2d 489 (5 Cir., 1965), cert. den. 384 U.S. 1009, 86 S.Ct. 1960, 16 L.Ed.2d 1021.

The judgment of the district court is reversed and remanded in part and affirmed in part.