Robert Felton MOORE, Petitioner,

v.

A. L. DUTTON, Warden, Georgia State Prison, (Succeeded by S. Lamont Smith), Respondent.

Civ. A. No. 2261.

United States District Court
S. D. Georgia,
Savannah Division.

Dec. 16, 1968.

Murray M. Silver, Atlanta, Ga., for plaintiff.

William R. Childers, Jr., Atlanta, Ga., for defendant.

## ORDER

LAWRENCE, District Judge.

Petitioner Robert Felton Moore was convicted of murder and sentenced to death after a jury trial in Camden County, Georgia, Superior Court on April 14, 1966. With the assistance of counsel petitioner appealed directly to the Georgia Supreme Court which affirmed the trial court's denial of his motion for new trial. Moore v. State, 222 Ga. 748, 152 S.E.2d 570. Petitioner then filed application for writ of habeas corpus in the City Court of Reidsville, Tattnall County, Georgia raising the same constitutional issues presented here, namely,

(1) that petitioner was intimidated, beaten, and otherwise coerced, without the assistance of counsel and without waiving his right to counsel, into making a confession which was introduced into evidence at his trial and,

(2) that the grand and petit juries which indicted and tried him were drawn from lists taken from tax digests and as such were discriminatory in that petitioner is an indigent Negro and such technique discriminated against the impartial selection of Negro jurors.

After a hearing on these issues the City Court judge on April 14, 1967, denied the petition. Thereupon petitioner appealed to the Georgia Supreme Court which upheld Judge Carr's denial. See Moore v. Dutton, Warden, 223 Ga. 585, 157 S.E.2d 267.

Petitioner filed his application in this Court on December 1, 1967. On the same day Judge Frank M. Scarlett denied the petition stating that " * * * under all of these facts this Court decides that this petitioner has had his day in Court * * * " Petitioner then appealed to the Fifth Circuit Court of Appeals which reversed Judge Scarlett and remanded the case for consideration on its merits. See Moore v. A. L. Dutton, 396 F.2d 782.

The respondent, State of Georgia, which was not required initially to make a return and answer, filed a brief in the Fifth Circuit and has subsequently submitted the transcripts of the State trial and the State habeas corpus proceeding which are to be considered by this Court in compliance with the Fifth Circuit ruling.

■■ A Federal District Court, in a habeas corpus proceeding, may accept evidence and findings of the State court in trial or post conviction proceedings if arrived at by a full and fair hearing and if supported by substantial evidence. See Nance v. Baker, 10 Cir., 400 F.2d 864; Wilson v. Bailey, 4 Cir., 375 F.2d 663; Hall v. Page, 10 Cir., 367 F.2d 352. Since it appears that the state trial and the post-conviction proceeding were conducted with complete impartiality and

fairness to the petitioner, both records are accepted as admissible evidentiary matter in the present proceeding. They have been carefully examined in the light of petitioner's allegations.*

## FINDINGS OF FACT

Petitioner's first contention with regard to the alleged involuntary confession and the denial of right to counsel was considered at great length during the state trial at the time the motion to suppress evidence was argued before the Court in the jury's absence. It was also considered at the state habeas corpus hearing at Reidsville. From both records it appears that petitioner's confession was entirely voluntary and was given freely and without fear of bodily harm. It further appears that petitioner was fully informed of his rights to remain silent and to have counsel appointed at the time the confession was given, and that petitioner waived his rights.

The evidence supporting this conclusion is as follows:

At the trial and in the absence of the jury, H. L. Lunsford, Georgia Bureau of Investigation Agent, to whom the confession was made, testified that prior to initial interrogation which took place in the Camden County Sheriff's Office, Sheriff Smith informed the petitioner of all of his constitutional rights and that petitioner understood the consequences of his confession which appeared to be entirely voluntary. Lunsford testified that petitioner was composed, that he smoked a cigarette and drank a soft drink prior to the confession, and that he never complained of or even mentioned the beating supposedly administered by the arresting officers. Lunsford also testified that he personally informed petitioner again of his constitutional rights just prior to a second interrogation period in which the confession was repeated and elaborated on.

The arresting officers denied that petitioner was struck and further testified that they, too, had informed him of his constitutional rights to remain silent and to have counsel appointed. The only evidence offered to show that petitioner received a beating was conflicting testimony to the effect that one of petitioner's eyes was red several days after the arrest. It also appeared that petitioner never complained of any rough treatment until the time of his trial. The hearing on this issue lasted for an hour and a half, and petitioner's counsel subjected each of the witnesses to thorough cross examination.

This finding is corroborated by additional testimony offered at the state habeas corpus hearing where Jack W. Ballenger, Solicitor General of the Brunswick Judicial Circuit at the time of petitioner's trial, testified to the effect that he was present prior to the time petitioner made the confession to Mr. Lunsford of the G.B.I. and that he personally informed petitioner of his rights to an attorney and in respect to remaining silent.

Petitioner's allegation as to discriminatorily impanelled juries was not raised at the trial but was brought up for the first time before the City Court of Reidsville at his habeas corpus hearing. Petitioner was represented by counsel who offered nothing in the way of evidence to show that either the grand or petit juries was in fact improperly drawn. Counsel for petitioner did nothing more in this respect than to ask Mr. Ballenger, the Solicitor General, as to the generally accepted jury selection practice in Camden County at the time of petitioner's trial. It was shown only that the tax digests were utilized. No evidence was offered to show that such digests were an improper source or that they did not in fact adequately represent a cross section of the community.

## CONCLUSIONS OF LAW

Questions of improperly admitted evidence, including involuntary confessions, are generally raised only on direct appeal and are not properly pre-

---

* There are some 300 pages of the records involved.

sented in habeas corpus proceedings. Mize v. Crouse, 10 Cir., 399 F.2d 593. In situations such as the present case where the challenged evidence is virtually conclusive of defendant's guilt, an improper admission would offend due process; thus an exception is made and untimely consideration of the issue is permitted. Stump v. Bennett, 8 Cir., 398 F.2d 111.

 Admissibility of confessions is a point so often litigated that there is little question as to applicable standards. It is clear that the trial court in admitting a confession must hold an independent hearing to determine whether the confessing defendant made the statement with an understanding of the consequences and whether it was voluntarily made under no threat of harm or promise of special treatment. Jackson v. Deno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908; Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593; Whippler v. Dutton, 5 Cir., 391 F.2d 425. It must also be determined whether the defendant was informed of his right to counsel or was otherwise aware of this right and whether he knowingly waived this right. Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977; Zamora v. United States, 10 Cir., 369 F.2d 855; Matthews v. United States, 5 Cir., 367 F.2d 156; Evalt v. United States, 9 Cir., 359 F.2d 534.

 I find that petitioner's confession was entirely voluntary and that he was well informed of his right to counsel and knowingly waived this right. This determination was timely made by the trial court and the confession was properly admitted.

Petitioner's allegations as to the unconstitutional make-up of the grand and petit juries empaneled to try his case is attacked by respondent on two grounds: (1) that petitioner did not object to the jury panels until after the trial and, therefore, waived his right to object at a later date; and (2) that under the Supreme Court's ruling in Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97

L.Ed. 469, a tax digest is a *per se* proper source from which to select a jury where the digest is used non-discriminatorily.

In support of the "waiver" argument respondent cites Georgia cases directly in point and representing the accepted viewpoint of the Georgia courts. (See Moore v. Dutton, Warden, 223 Ga. 585, 157 S.E.2d 267; Sims v. Balkam, 220 Ga. 7, 9, 136 S.E.2d 766; Clarke v. Grimes, 223 Ga. 461, 156 S.E.2d 91). Each holds without qualification that the jury issue is waived when not presented prior to trial. This oversimplification of the issue by the Georgia Supreme Court is surprising in light of the decision in Cobb v. Balkcom, 339 F.2d 95 where the Fifth Circuit Court of Appeals corrected the Georgia Supreme Court and described three situations in which failure to object would not constitute a waiver. One of these situations had been previously set out in Whitus v. Balkcom, 333 F.2d 496, also a Georgia case, where the Fifth Circuit clearly stated the principle as it related to the State law.

 Respondent argues that the District Court should apply the Georgia law of waiver as stated in *Moore* even though state and federal law are clearly at odds. It is a well recognized principle of federal substantive law that where federal and state notions of due process are in conflict, federal law will prevail. Peters v. Rutledge, 5 Cir., 397 F.2d 731. In the instant case it is conceivable that petitioner's failure to object to the jury panels prior to trial falls within one of the three exceptions set out in *Cobb;* and although petitioner has made no attempt to establish this fact, he is under no duty to do so at this juncture since the defense of "waiver" is an affirmative one and the burden of proof is upon the party asserting it. Tendler v. Jaffe, 92 U.S.App.D.C. 2, 203 F.2d 14. Respondent has not yet met that burden and at best has merely shifted the burden of going forward.

 The Court is unimpressed with respondent's argument that non-discriminatory use of tax digests is an acceptable

method of jury selection *per se.* Although Brown v. Allen, supra, may be cited for this proposition, more recent decisions indicate that tax digests even if non-discriminatorily used may be improper sources. See Goins v. Allgood, 5 Cir., 391 F.2d 692; Brooks v. Beto, 5 Cir., 366 F.2d 1; Ware v. United States, 123 U.S.App.D.C. 34, 356 F.2d 787. Each of these cases indicates that the jury source must adequately represent all elements of the community and *Brooks* points out that jury commissioners have an affirmative duty to familiarize themselves with the community and its elements and to determine whether the chosen selection process will adequately sample the population. It is conceivable that under certain circumstances a property tax digest would be a wholly unacceptable source. By the same token it is not true as petitioner seems to say that property tax lists are *per se* improper sources. Under certain circumstances they may be suitable.

Petitioner alleges not that the tax lists were discriminatorily used (which practice creates a prima facie case of systematic exclusion, Whitus v. Georgia, 385 U.S. 545, 87 S.Ct. 643, 17 L.Ed.2d 599; Whippler v. Dutton, 5 Cir., 391 F.2d 425), but that tax lists constituted an impermissible source and that the use of such a source, in fact, if not as a matter of law, resulted in systematic exclusion. Although this may or may not be true in the present case, petitioner offered no evidence to prove this contention in his state habeas corpus hearing. Judge Carr pointed out in his order of April 14, 1967, denying petitioner's application that no attempt has been made to pursue this contention and said,

"This court further finds that no evidence was introduced by the petitioner to make out even a prima facie case of jury discrimination on account of petitioner's race or on account of him being allegedly indigent. Neither was any evidence submitted by petitioner or otherwise to make out even a prima facie case of systematic exclusion of jurors by reason of race or otherwise, there being no evidence of the number of members of the Caucasion race and the number of members of the Negro race on the tax digest of Camden County, Georgia and the number of members of the Caucasion race and the number of members of the Negro race on the jury list at the time of petitioner's trial, no evidence as to who was on the panel and on the jury before whom petitioner was tried, and in fact no substantial evidence as to the manner in which the jury list in said county was composed or how it was selected."

In the present case petitioner's counsel raised the question of jury panels in the state court habeas corpus application. At the hearing before Judge Carr in the City Court of Reidsville, former Solicitor Jack W. Ballenger was called as a witness. Petitioner's attorney questioned Judge Ballenger as to jury selection in Camden County. He verified the fact that the panels, at the time, were chosen from the Tax Digest of real property owners. He testified on cross-examination that in Camden County colored persons are "habitually" used on the juries. The subject was then dropped and petitioner failed to pursue the matter further and to present evidence bearing on this issue. See City Court transcript, pp. 13–14.

Petitioner has, therefore, not exhausted his state remedies in the premises. Where more than one issue is presented to the District Court in a petition for habeas corpus and where certain issues have not been considered by the state court, the exhaustion rule is not satisfied in respect to those claims. Peters v. Rutledge, (supra). Exhaustion of available state remedies has reference only to avenues still open at the time petitioner files his application for habeas corpus in the federal court. However, when the prisoner deliberately by-passes state procedures he forfeits his state court remedies. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; Baker v. Lee, 5 Cir., 384 F.2d 703. Under the circumstances petitioner here

no longer possesses a state remedy as to the jury selection feature.

A District Court must make a finding of an intentional, deliberate by-passing of post-conviction relief procedures before denying an application for habeas corpus on non-exhaustion grounds. Burton v. State of Alabama, 5 Cir., 396 F.2d 755; Baker v. Lee, (supra).

Under the circumstances it is impossible to avoid the conclusion that the failure to pursue and press the jury panel issue in the State Court was intentional and deliberate. Petitioner offerred only the bare allegation of jury discrimination and thereby precluded State consideration of the issue on its merits.

For these reasons petitioner's application for writ of habas corpus is denied without an evidentiary hearing.