UNITED STATES of America
v.
**Larry F. PARKER, Appellant.**

UNITED STATES of America
v.
**Alfred C. THURSTON, Appellant.**

Nos. 22327, 22542.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 24, 1969.
Decided Oct. 27, 1969.

Mr. John M. Bixler, Washington, D. C. (appointed by this court) for appellants. Mr. Edwin A. Heisler (appointed by this court), Washington, D. C., was on the brief, for appellants.

Mr. Harvey S. Price, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., and Roger E. Zuckerman, Asst. U. S. Atty., were on the brief, for appellee. Messrs. David G. Bress, U. S. Atty., at the time the record was filed, and John A. Terry, Asst. U. S. Atty., also entered appearances for appellee. Mr. D. William Subin, Asst. U. S. Atty., entered an appearance for appellee in No. 22,542.

Before BAZELON, Chief Judge, WILBUR K. MILLER, Senior Circuit Judge, and McGOWAN, Circuit Judge.

PER CURIAM:

On December 24, 1966, four men robbed a paint store in the District of Columbia. Two men, not appellants here, were arrested shortly thereafter in an alley near the store and subsequently identified as two of the men involved in the robbery. Appellants, arrested shortly thereafter in the nearby apartment of one Delores Callaway, were convicted of robbery and assault with a deadly weapon. They appeal these convictions here.

Neither of the victims of the robbery could identify appellants and although some of the proceeds of the crime as well as two guns and a mask apparently used in its perpetration were found in the apartment, appellants' conviction rests primarily upon the testimony of one of the alleged accomplices. Appellants claim that the prosecutor, in his summation, improperly implied that undisclosed government evidence would bolster its admittedly weak case; that they were deprived of their right to a speedy trial; and that the trial judge erred in failing to direct a verdict of acquittal at the close of the government's case.

■ In his closing argument, the prosecutor stated:

There is no question that someone went into the paint store, someone pointed a gun at Mr. Cipolair and knocked him down and took his wallet. * * *

The only question is who was there and who participated in the robbery? Two of the people who participated in the robbery—the government's evidence is not all before you today, Delores Callaway and the other juvenile or other juvenile, McKinley Thomas. The only two people in front of you are the only ones we are concerned with and these are these two defendants, Alfred Thurston and Larry Parker.

(Tr. 201). The prosecutor seems to have intended to emphasize to the jury that although the evidence indicated that five persons may have participated in some phase of the robbery,[1] only two defendants were before them. Defense counsel, although not objecting to the statement when it was made, complained in his summation that the prosecution was seeking to rely upon undisclosed evidence (Tr. 211). On rebuttal, the prosecutor denied any such intention:

> I didn't say all of the evidence possible. I said all of the evidence possible in every case. In this case there were no fingerprints. In this case neither of the complaining witnesses could identify these defendants. In this case there was no proceeds found on the persons of these boys as they ran up the street or something of that sort. This is not a bank robbery case so there is no photograph. There was no attempt to take a photograph. There was the attempt to get the fingerprints and there was testimony concerning the fingerprint powder. They tried to find the evidence and they couldn't.

(Tr. 227). In other words, the prosecutor, apparently through inadvertence, had made a statement arguably carrying the improper implication that the government had undisclosed, incriminating evidence. Defense counsel objected to the implication, and the prosecutor responded with an honest admission that the government had no incriminating evidence that had not been introduced. We do not believe that the prosecutor's initial statement, even if interpreted by the jury to carry the improper implication, was of such nature that it could not be cured by a subsequent disclaimer; and we believe that the prosecutor's subsequent disclaimer was full, fair, and adequate. Compare Bradley v. United States, 136 U.S.App.D.C. ——, 420 F.2d 181 (September 10, 1969), where no such cure was attempted.

■ Appellants also object to the prosecutor's remarks concerning the absent Delores Callaway.[2] In his rebuttal, the prosecutor stated:

> Delores Callaway didn't testify. [Defense counsel] made a point about that. On the evidence before you whose friend is Delores Callaway? Who took who to Delores Callaway's apartment? Why didn't we call her? Why didn't they call her? I submit to you that I am not going to push that argument. I think it is a washup.

(Tr. 227). This statement seems to say nothing more than that the jury should draw no inferences from the witness's absence.[3] So read, and in view of the fact that defense counsel had suggested that the jury *should* draw an inference from her absence,[4] we think the statement was proper.

■ Appellants raise two other points, which require only brief mention. First, they claim denial of their right to a speedy trial. Arrested almost immediately after the offense, they were not indicted for three months. A trial some nine months later resulted in a hung jury; the present trial occurred six months later. Given a showing of prejudice, we would be reluctant to affirm; but we find no such showing here.[5] Second, they claim that no reason-

---

1. There was evidence that a fifth person might have participated in the planning of the robbery.

2. The prosecution apparently made some effort to produce Miss Callaway but failed. See tr. 234.

3. We are reinforced in our interpretation of the meaning of this statement by the fact that trial counsel made no objection

to it. The record citation by appellants, tr. 228, is an objection to another point.

4. See tr. 212.

5. Appellants' only claim in this regard seems to be that the alleged accomplice's identification testimony mysteriously "firmed up" during the delay. But we read the extensive trial record on this matter as primarily involving a semantic dispute between counsel on the

able jury could have found appellants guilty beyond a reasonable doubt, basing their claim on the frequent inconsistencies of the government's main witness. We agree that appellants' alleged accomplice was far from a model witness, but he remained firm in those elements of his story necessary to support appellants' convictions. Evasive and frequently hostile though he was, his evasions and contradictions were directed primarily towards mitigating his own part in the affair. The credibility of his testimony was for the jury.

Affirmed.

meaning of the words "recognize" and "identify." Compare Marshall v. United States, 119 U.S.App.D.C. 83, 337 F.2d 119 (1964) (32 month delay; defendant unable to testify at third trial because of

deterioration of mental condition) Taylor v. United States, 99 U.S.App.D.C. 183, 238 F.2d 259 (1956) (43 month delay before indictment; no showing defendant was aware of charges).