434 F.2d 592
 Leroy WILLIAMS, Petitioner-Appellant,
v.
S. Lamont SMITH, Warden, Georgia State Prison, Reidsville,
Georgia, Respondent-Appellee.
 No. 30336 Summary Calendar.*
*Rule 18, 5th Cir.; See Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
 
 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Nov. 17, 1970.
 Leroy Williams, pro se.
 Arthur K. Bolton, Atty. Gen., Harold N. Hill, Jr., Executive Asst. Atty. Gen., Marion O. Gordon, Dorothy T. Beasley, Asst. Attys. Gen., Atlanta, Ga., for respondent-appellee.
 Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is taken from an order of the district court denying the petition of a Georgia state convict for the writ of habeas corpus. We affirm on the basis of the district court's opinion-order attached as Appendix A.
 
 
 2
 Appellant was convicted on his pleas of guilty of three counts of burglary, one count of auto larceny, and eleven counts of forgery, and was sentenced on October 15, 1964, to a total of 18 years imprisonment. He filed a petition in the state court for habeas corpus relief, whereupon an evidentiary hearing was held. Relief was denied, the court making findings of fact and conclusions of law. An appeal to the Georgia Supreme Court was dismissed for lack of prosecution.
 
 
 3
 Appellant then filed his habeas petition in federal court alleging illegal arrest, incommunicado detention for ten days before being brought before a magistrate, ineffective court-appointed counsel, racial discrimination in selecting the grand jurors, and that he did not receive a full and fair hearing in state court. The court below denied relief, making independent findings of fact from the record and transcript of the state habeas proceedings.
 
 
 4
 The court below found that appellant's guilty pleas were voluntarily entered on advice of counsel, that counsel was not ineffective, that no evidence was presented to show discrimination in selecting the grand jury, and that the hearing in state court satisfied the standards of 28 U.S.C. 2254.
 
 
 5
 A reading of the state record reveals no clear error in these findings. Appellant stated at the hearing that he pled guilty upon advice of counsel. This is supported by the testimony of counsel, who based his advice upon an investigation of the facts and circumstances of the case and appellant's previous record. Counsel also testified that he met with appellant on several occasions before trial. The record is completely devoid of anything more than the conclusory allegation that there was racial discrimination in grand jury selection. No facts are alleged and no evidence was presented at the hearing to support that conclusion.
 
 
 6
 Appellant's guilty pleas having been voluntarily entered, he is not entitled to challenge his arrest having been held incommunicado, and the construction of the grand jury. A voluntary guilty plea constitutes a waiver of all prior non-jurisdictional defects. Abraham v. Wainwright, 5th Cir. 1969, 407 F.2d 826; Picard v. Allgood, 5th Cir. 1968, 400 F.2d 887; Busby v. Holman, 5th Cir. 1966, 356 F.2d 75; Cooper v. Holman, 5th Cir. 1966, 356 F.2d 82; File v. Smith, 5th Cir. 1969, 413 F.2d 969.
 
 
 7
 Perceiving no clear error in the findings of the district court, and no error in its application of the law, the judgment below is affirmed.
 
 
 8
 Affirmed.
 
 APPENDIX A
 
 9
 (Name and style of case omitted)
 
 ORDER
 
 10
 Petitioner is presently incarcerated in Georgia State Prison, Reidsville, Georgia, where he is serving sentences totaling some eighteen years for burglary, larceny, and forgery. The convictions were pursuant to a guilty plea entered in the Superior Court of Chatham County, Georgia, on October 15, 1964. Petitioner never appealed his case but, subsequently, filed a petition for a writ of habeas corpus in the Tattnall County Superior Court. An evidentiary hearing was conducted and relief was denied by order dated November 25, 1969. Petitioner filed a notice of appeal on December 1, 1969, and was promptly informed by the Clerk of the Supreme Court of Georgia that the case had been docketed and that Supreme Court Rules 15-23 should be read regarding the form of appeal. Petitioner apparently failed to read the Rules, for he did not file an enumeration of errors, and his case was dismissed by the Supreme Court of Georgia on April 9, 1970, for want of prosecution. Within two weeks petitioner applied to this Court for a writ of habeas corpus and a show cause order was issued to respondent.
 
 
 11
 Petitioner makes the following contentions: (1) his state habeas corpus hearing was unfair, (2) he was illegally arrested without a warrant and was held eight to ten days incommunicado before he was bound over to the Superior Court, (3) he had ineffective court-appointed counsel, and (4) the composition of the grand jury which indicted him was unconstitutional since it was based on Georgia Code Annotated 59-106 which was held unconstitutional in Whitus v. Georgia, 385 U.S. 545, 87 S.Ct. 643, 17 L.Ed.2d 599.
 
 
 12
 Respondent has moved to dismiss the petition on the grounds that (1) the prisoner has failed to exhaust his available state remedies as to a possible contention that the guilty plea was involuntary, and (2) that petitioner deliberately failed to appeal to the Supreme Court of Georgia. In paragraph (b) of the application, petitioner alleges that he was virtually unrepresented by counsel. However, in conjunction therewith he states, 'Petitioner did not give said counsel authority to enter a plea of guilty in his behalf. As a matter of facts, petitioner refused to sign the waived copy of the indictment-- the petitioner plea, not guilty.' Since petitioner's only statements regarding the voluntariness of his guilty plea were included in the paragraph which was primarily concerned with the ineffective assistance of counsel, it is not clear whether he intended to raise the voluntariness of his guilty plea as an issue. Notwithstanding the statements in his petition, the prisoner stated on pages 6 and 21 of the record of the State habeas corpus hearing that he plead guilty. Furthermore, petitioner stated at the hearing that his attorney advised him to plead guilty and he did so. The record is bereft of any evidence to indicate that petitioner's plea was involuntary. The record shows that a guilty plea was entered as evidenced by the signature of petitioner's court-appointed attorney in the indictment. In addition, his attorney testified at the hearing that his advice to plead guilty was a result of having investigated the facts and circumstances of the case. The plea was voluntary.
 
 
 13
 It also appears that the prisoner may have deliberately bypassed his state remedies in violation of 28 U.S.C. 2254 and within the meaning of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837. This Court, however, is not compelled to reach the exhaustion question since the case can be adjudged on its merits.
 
 
 14
 The first contention that the state hearing was unfair is patently absurd. The Court allowed the prisoner to present his contentions and testify in his own behalf. In addition, he cross-examined the state's witnesses. The transcript of the habeas corpus proceeding shows conclusively that petitioner received a fair hearing in every respect. The prisoner's second, third and fourth contentions were presented in his state habeas corpus petition. Where petitioner's allegations have been considered in a full and fair hearing at the state level, a second evidentiary hearing in this Court is not required. 28 U.S.C. 2254; Shinall v. Breazeale, 5th Cir., 404 F.2d 785; Moore v. Dutton, D.C., 294 F.Supp. 684.
 
 
 15
 A plea of guilty knowingly and intelligently made is a waiver of all non-jurisdictional defects. Moore v. United States (5th Cir., April 30, 1970), 425 F.2d 1290; Henderson v. United States, 5th Cir., 395 F.2d 209; Cooper v. Holman, 5th Cir., 356 F.2d 82; Busby v. Holman, 5th Cir., 356 F.2d 75. Petitioner's allegations that he was illegally arrested without a warrant and that he was held incommunicado several days before being bound over to a court were nonjurisdictional defects that occurred prior to the acceptance of petitioner's plea of guilt and cannot now be collaterally attacked in absence of a showing that the plea was involuntary. Abraham v. Wainwright, 5th Cir., 407 F.2d 826; Hamilton v. Florida, 5th Cir., 390 F.2d 872. Even so, the prisoner's allegation that he was illegally arrested is merely conclusory in nature and, consequently, renders the petition insufficient. Wade v. Yeager, 3rd Cir., 377 F.2d 841. Being arrested without a warrant is not illegal per se and petitioner presented no evidence of its illegality at the hearing. Finally, he did not show by a preponderance of the evidence that the guilty plea was the product of any police misconduct. In fact, petitioner expressly stated at the hearing that he made no remarks while in custody which could be used against him.
 
 
 16
 Petitioner's third allegation is that his sixth Amendment right was violated when he was afforded ineffective assistance of counsel. His court-appointed attorney was present at the habeas corpus hearing and was examined by the State and cross-examined by petitioner. Petitioner's attorney testified that he met with the defendant on several occasions prior to the trial and, based on the facts alleged in the indictments and petitioner's previous criminal record, he felt, in his opinion, that petitioner should plead guilty and so advised him. Recently, the Supreme Court of the United States was faced with an analogous situation in Parker v. North Carolina (May 4, 1970) 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785. It held that the defendant's plea of guilt was an intelligent plea and not open to attack on the grounds that counsel misjudged the admissibility of the defendant's confession.
 
 
 17
 '* * * even if Parker's counsel was wrong in his assessment of Parker's confession, it does not follow that his error was sufficient to render the plea unintelligent and entitle Parker to disavow his admission in open court that he committed the offense with which he was charged.'
 
 
 18
 Petitioner's counsel also testified that he was present when petitioner plead guilty and entered the plea in his behalf. Moreover, the State presented the testimony of the prosecutor of Chatham County, Georgia as a character witness for petitioner's attorney. A habeas corpus petition is civil in nature and the petitioner has the burden of proving his case by a preponderance of the evidence. Irving v. Breazeale, 5th Cir., 400 F.2d 231; Tyler v. Beto, 5th Cir., 391 F.2d 993. Petitioner's third contention was effectively rebutted by respondent's evidence and his contention therefore must fall. He has not shown that his trial was shocking to the conscience of the reviewing court or that his attorney acted in bad faith. Williams v. Beto, 5th Cir., 354 F.2d 698.
 
 
 19
 Petitioner's fourth contention is that the composition of the grand jury which indicted him was unconstitutional, relying on Whitus v. Georgia,385 U.S. 545, 87 S.Ct. 643, 17 L.Ed.2d 599. In that case the Supreme Court held that where a petitioner presents a prima facie case of deliberate discrimination in the selection of a jury and it is not rebutted by respondent, then the conviction will be set aside and the petitioner will be retried. In the instant case petitioner presented no evidence whatsoever at the habeas corpus hearing to indicate discrimination in the composition of the grand jury. I find that petitioner did not present a prima facie case of deliberate discrimination in the selection of a jury within the meaning of Whitus v. Georgia, supra; White v. McHan, 5th Cir., 386 F.2d 817; King v. Cook, D.C., 297 F.Supp. 99.
 
 
 20
 For the foregoing reasons the petition for a writ of habeas corpus is denied.
 
 
 21
 This 8th day of June, 1970.
 
 
 22
 (Signed) ALEXANDER A. LAWRENCE Chief Judge, United States District Court Southern
 
 District of Georgia