**Marion H. GREEN, Jr., Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 6687.**

District of Columbia Court of Appeals.

Argued Feb. 12, 1973.

Decided May 4, 1973.

Melvin M. Feldman, Rockville, Md., appointed by this court, with whom Eugene J. Fitzpatrick and William McKamey, Rockville, Md., were on the brief, for appellant.

William A. White, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and Robert S. Tignor, Asst. U. S. Attys., were on the brief, for appellee.

Before KERN, NEBEKER and PAIR, Associate Judges.

NEBEKER, Associate Judge:

This appeal from convictions for assault with a dangerous weapon[1] and carrying a pistol without a license[2] raises the issue whether just prior to voir dire examination and the impaneling of a jury an accused

1. D.C.Code 1967, § 22–502.

2. D.C.Code 1967, § 22–3204.

may ask dismissal of the particular panel for being, in counsel's view, "weighted down with people that are over 65." Appellant argues that since he was not aware of the composition of the particular panel until the morning of the trial, he was in no position to make a formal written motion challenging that selection procedure as required by 28 U.S.C. § 1867(a).[3] The government contends, *inter alia*, that a section 1867(a) challenge is the proper way to attack this jury selection procedure. We affirm the refusal to grant the request.

In jury selection "[t]he burden is on the appellant to show that some recognizable class has been improperly excluded from the jury." Ware v. United States, 123 U.S.App.D.C. 34, 37, 356 F.2d 787, 790 (1965), cert. denied, 383 U.S. 919, 86 S.Ct. 914, 15 L.Ed.2d 673 (1966). The improper exclusion must show a systematic and intentional exclusion of the class. Thiel v. Southern Pacific Co., 328 U.S. 217, 220, 66 S.Ct. 984, 90 L.Ed. 1181 (1946); Ware v. United States, *supra*. Here appellant does not claim a systematic and intentional exclusion. He merely challenges the composition of the particular panel which was assigned for final selection. Without an allegation of a systematic and intentional exclusion, and an appropriate factual hearing into the manner of selection of petit jury panels for scheduled trials, appellant's challenge cannot stand. *Id.* It is, therefore, not necessary to decide whether persons of any particular age are an identifiable group or if appellant's failure to comply with the provisions of 28 U.S.C. § 1867(a) precludes this challenge to the jury panel.

We note in passing that of the forty-six jurors sent to the courtroom four were over 65, and two were 65. The remaining forty ranged in age from 22, which was appellant's age, to 64.

3. 28 U.S.C. § 1867(a) provides:
   In criminal cases, before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury.

We have considered appellant's other contentions and find them meritless. The judgment is

Affirmed.