Felix S. MEDINA, Appellant,

v.

UNITED STATES, Appellee.

No. 7319.

District of Columbia Court of Appeals.

Argued Dec. 6, 1973.

Decided Feb. 13, 1974.

William A. Burleson, Washington, D. C., for appellant.

Richard A. Graham, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before PAIR and YEAGLEY, Associate Judges, and QUINN, Associate Judge, retired.

QUINN, Associate Judge, retired:

This is an appeal from a conviction of simple assault in violation of D.C.Code 1973, § 22–504. Appellant was charged with assaulting the driver of a taxicab in which he was a passenger. He was found guilty by a jury and received a fine of $100. While appellant alleges several errors, we find only two that merit discussion: 1) that he was prejudiced by a prosecutorial reference in rebuttal argument to

the complaining witness' belief that he was coming to court for appellant's sentencing, and 2) that he was denied a trial by a jury of his peers.

The impact of the prosecutor's remarks must be viewed in perspective. In defense counsel's closing remarks, he made repeated allusions both to the former trial of the same case, which had ended in a mistrial, and to the complaining witness' civil suit against appellant, implying that one of the complainant's principal motives in testifying against appellant was to pressure the latter into submitting to a settlement in the civil suit:

> I am not out to hurt Mr. Pool [the complainant], not out to collect $25,000 in an assault case either. This is a criminal case. . . . [Tr. at 236.]
>
> \*    \*    \*    \*    \*    \*
>
> . . . All over town robbers, murders, rapes—two trials. He is up here as a defendant. We have got a defendant. What was serious enough in his case? What has he done? What laws in society has he broken? It started as a civil case now. Do we use the Federal Government as a collection agency to collect in a civil matter? Criminal cases, civil cases, two criminal trials. You have heard the witnesses testify. How much can he take? A man has to break sometime in his life. . . . [Tr. at 238.]
>
> \*    \*    \*    \*    \*    \*
>
> Civilly, they got a civil matter. You can hear civil matters and determine whether or not there is damage involved in this, and then you can determine this, but the Federal Government says, no, he committed an assault. [Tr. at 242.]
>
> \*    \*    \*    \*    \*    \*
>
> Why did he file that civil suit and wait until the case was over? Why? Pressure? Does he want money to settle it? He is not going to settle it. . . . [The arresting officer] took a small thing here, an argument between

two people and look what happened. Now, [appellant] has got a civil suit of $25,000. Now, he is in his second time of trial, and the man has got his problems [Tr. at 247 and 250.]

On rebuttal the prosecutor responded as follows:

> . . . [Defense counsel's] argument about the civil lawsuit in this case . . . is not relevant. It's a red herring in this case. As you heard Mr. Pool testify, he did not know that the Government was going to retry this case when his lawyer filed this civil suit. He thought he was coming down to hear Mr. Medina being sentenced. He was surprised when he found out the Government was going to retry the case.
>
> Now, I ask you, what interest would the Government have in Mr. Pool's civil suit, and what possible interest could those other four witnesses have in Mr. Pool's suit? They testified at the first trial before there was any mention of a civil suit and testified essentially to the same thing here before you. . . . [Tr. at 251–52.]

Defense counsel made no objection. After the end of all argument, the court expressed its displeasure with the prosecutor's remark, but concluded that any prejudice to appellant was outweighed by the overwhelming evidence of his guilt.

■■■ Defense counsel's remarks were not supported by the record and were highly misleading. It is unfortunate that neither the prosecutor nor the court intervened during that line of argument. However, once defense counsel attacked the complainant's motives for testifying, the door was opened for the prosecutor to defend the complainant's motives and to set the record straight. *See* United States v. Fort, 143 U.S.App.D.C. 255, 270–271, 443 F.2d 670, 685–686 (1970), cert. denied, 403 U.S. 932, 91 S.Ct. 2255, 29 L.Ed.2d 710 (1971); United States v. Parker, 136 U.S. App.D.C. 97, 99, 419 F.2d 679, 681 (1969).

The prosecutor's allusion to the complainant's belief that he was coming to court for appellant's sentencing, rather than his retrial, was not necessary to an effective rebuttal of defense counsel's insinuations, and therefore was improper. However, viewing the trial as a whole, including the weight of the government's case against appellant,[1] we cannot say that the judgment of the jury was substantially swayed by the error. *See* Dallago v. United States, 138 U.S.App.D.C. 276, 288, 427 F.2d 546, 558 (1969); Gaither v. United States, 134 U.S.App.D.C. 154, 172, 413 F.2d 1061, 1079 (1969). Therefore, we agree with the trial court's conclusion that the error was harmless.

Appellant also contends that he was denied a fair and impartial trial because the jury panel assigned for his case did not include members similar to him in "condition" and "equality." He argues that the Jury Selection and Service Act of 1968, 28 U.S.C. § 1861 et seq., is unconstitutional because it did not provide him with such a panel. Specifically, he complains that ". . . black jurors who speak and understand no Spanish whatsoever . . . [cannot] be considered the impartial peers of a white person whose linguistic habitat is Spanish and who is accused of an assault on a black person". [Appellant's Br. at 28.]

However, it is well settled that the right to a fair trial and an impartial jury drawn from a fair cross-section of the community ". . . does not mean . . . that every jury must contain representatives of all the economic, social, religious, racial, political and geographical groups of the community . . . ." Thiel v. Southern Pacific Co., 328 U.S. 217, 220, 66 S.Ct. 984, 985, 90 L.Ed. 1181 (1946). Without a showing of an intentional and systematic exclusion of some recognizable group from the jury panel appellant has no right to complain of the composition of the particular panel assigned for his case. Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965); Green v. United States, D.C.App., 304 A.2d 286 (1973).

Therefore, the judgment of the trial court must stand.

Affirmed.

---

1. The complaining witness' account of the incident was corroborated by two impartial eye-witnesses.