In the Matter of John **PARKER**,
on Habeas Corpus.

Civ. 68–126S.

United States District Court
D. South Dakota, S. D.
March 25, 1969.

William L. Dickey, Sioux Falls, S. D., for petitioner.

Walter W. Andre, Asst. Atty. Gen., Pierre, S. D., for the State.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

This is a ruling on an application of John Parker for a writ of habeas corpus pursuant to Title 28 U.S.C. Sec. 2241. A hearing was held on December 18, 1968. Petitioner appeared in person, accompanied by his attorney, William L. Dickey. Assistant Attorney General Walter W. Andre appeared for the State of South Dakota. Having heard the testimony of witnesses Spawn and Parker and the arguments and authorities cited by counsel for both sides, the Court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. The petitioner, John Parker, is a citizen of the United States, and is presently imprisoned and restrained of his

liberty and detained under the color of authority of the State of South Dakota, in the custody of Don R. Erickson, Warden of the South Dakota Penitentiary at Sioux Falls, South Dakota, in this district.

2. The claim and authority by which the petitioner is restrained of his liberty is a Judgment and Sentence of the Circuit Court in and for the County of Brookings, South Dakota, rendered on November 6, 1950.

3. The petitioner was taken into custody by Sheriff H. R. Claussen of Brookings County on November 1, 1950, on a charge of murder. At that time petitioner requested to call attorney Henry Mundt of Sioux Falls, South Dakota, to see if he would represent him. At the time of that request the Sheriff said that petitioner could not make any calls, but that he, Sheriff Claussen, would make the calls for petitioner. The Sheriff declined to call that evening because of the lateness of the hour. The following morning the petitioner renewed his request and the Sheriff went to call Mr. Mundt. When the Sheriff returned, he informed the petitioner that Henry Mundt would not take the case. Petitioner made similar requests for the Sheriff to contact other counsel, and the Sheriff informed petitioner that none of the attorneys requested would take petitioner's case. The transcript of the petitioner's habeas corpus hearing in the Circuit Court in the Second Judicial Circuit, Minnehaha County, indicates at p. 15 that Sheriff Claussen never actually contacted either Henry Mundt or George Danforth, both Sioux Falls attorneys requested to be called on petitioner's behalf. It may be assumed that if the Sheriff never contacted either of these two attorneys for the petitioner, he never contacted the other attorneys also requested by petitioner. P. 131 of the settled record of the petitioner's hearing in the Supreme Court for the State of South Dakota would indicate that the Sheriff was available to refute the petitioner's testimony but was not called to do so.

4. Petitioner was brought before the Justice of the Peace on November 4, 1950, on the murder charge, was not represented by counsel at that time, and did then demand counsel. On November 6, 1950, at the time of petitioner's guilty plea to the murder charge in the Circuit Court in Brookings County, petitioner was accompanied by Mr. Walter Aaberg, a Brookings attorney, who had previously assisted petitioner with civil matters.

5. Petitioner states, and the record so reflects, that Sheriff Claussen told him that his family had left him and would not be around should he stand trial. This was in fact not true and some members of the petitioner's family were present at the November 6, 1950, hearing in the Circuit Court. The Sheriff also told petitioner that there had been a mob and that he didn't know if he could control another one should it form. Mr. Aaberg, counsel who accompanied petitioner in the Circuit Court, told petitioner that if he stood trial, the penalty would be the electric chair if they chose to give it to him. The record also indicates that Aaberg (1) did not ask petitioner any of the details of the crime that he was charged with, (2) did not ask how Dorothy Parker's death occurred, (3) generally failed to make any investigation of the crime, and (4) that, contrary to the petitioner's statement at the time of his guilty plea, Aaberg never advised petitioner of his rights prior to the hearing on November 6, 1950.

6. The record indicates that the petitioner's acquiescence in being represented by Mr. Aaberg and his subsequent plea of guilty would be a combination of psychological coercion by the Sheriff and an effective denial of the assistance of any other attorney also engendered by Sheriff Claussen.

7. The record would also indicate that Mr. Aaberg did not undertake an adequate defense and that he, as an attorney, was completely inexperienced in criminal matters of this magnitude.

8. The petitioner has exhausted his remedies available in the courts of the

State of South Dakota by petitioning the Circuit Court in and for Minnehaha County, South Dakota, for a writ of habeas corpus, which was denied on August 7, 1952, and by timely appeal to the Supreme Court of the State of South Dakota, which court on December 30, 1953, affirmed the Judgment of said Circuit Court. State ex rel. Parker v. Jameson, 75 S.D. 196, 61 N.W.2d 832 (1953).[1]

9. The petitioner has a limited education, having only completed the fifth grade.

## CONCLUSIONS OF LAW

■ 1. The right to counsel at the trial (Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)), on appeal (Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed. 2d 811 (1963)), and at the other "critical" stages of the criminal proceedings (Hamilton v. Alabama, 368 U.S. 52 (1961)), have all been made retroactive, since the "denial of the right must almost invariably deny a fair trial." See Stovall v. Denno, 388 U.S. 293, 297, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

■ 2. The right to counsel is just as important where a guilty plea is involved as where a trial is held. Von Moltke v. Gilles, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948).

■■ 3. The right to counsel is a guaranteed right in state proceedings as well as in federal proceedings. The defendant has the right to contact counsel of his own choosing. Crooker v. California, 357 U.S. 433, 78 S.Ct. 1287, 2 L.Ed. 2d 1448 (1958).

■ 4. Habeas corpus relief on the ground of incompetency of counsel or the denial of effective counsel will be granted "only when the trial was a

farce, or a mockery of justice, or was shocking to the conscience of the reviewing court, or the purported representation was only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for conference and preparation." Scalf v. Bennett, 408 F.2d 325, March 11, 1969, United States Court of Appeals, Eighth Circuit, citing White v. McHan, 386 F.2d 817, 818 (5th Cir. 1967); Williams v. Beto, 354 F.2d 698, 704 (5th Cir. 1965); See Maye v. Pescor, 162 F.2d 641, 643 (8th Cir. 1947).

■ 5. In accordance with the above standards, it is the conclusion of this Court that petitioner was denied due process of law under Article 6 of the Bill of Rights of the Constitution because of the denial of the effective assistance of counsel. This is the result of: (1) counsel's failure to provide the minimal standards of assistance, (2) counsel's inadequate qualifications to provide a criminal defense in a capital case, and (3) the direct interference with petitioner's efforts to obtain counsel who could provide an adequate representation by the State through its agent Sheriff Claussen.

6. Petitioner is now being unlawfully imprisoned and restrained under the Judgment of said State Court in the custody of Don R. Erickson, Warden of the South Dakota State Penitentiary at Sioux Falls, South Dakota.

7. The petition for a writ of habeas corpus is hereby granted, and it is hereby ordered that the said John Parker shall be released unless retried within ninety (90) days from the date of this memorandum decision or within ninety (90) days from the mandate received from the Eighth Circuit Court of Appeals in the event of an appeal by the State of South Dakota resulting in an affirmance of this decision.

---

1. Decided more than ten years prior to Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and related cases pertaining to denial of counsel at the accusatory stage.